WILSON PETTY KOSMO & TURNER LLP
MERYL C. MANEKER (188342 )
LISA A. HILL (223995)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
**E-mail:** mmaneker@wpkt.com
**E-mail:** lhill@wpkt.com

Attorneys for Defendants
CENTEX HOME SERVICES COMPANY LLC
DBA CENTEX HOMETEAM SERVICES AND
HOMETEAM PEST DEFENSE LLC

FILED
08 APR 25 PM 3:47
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

ORIGINAL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RONALD MANN, AN INDIVIDUAL,

Plaintiff,

v.

HOMETEAM PEST DEFENSE, LLC, A DELAWARE LLC DOING BUSINESS IN CALIFORNIA; CENTEX HOMETEAM SERVICES, AN UNKNOWN BUSINESS ENTITY; JESSE QUIROZ; AND KEVIN KELLOUGH, INDIVIDUALS; AND DOES 1 THROUGH 25,

Defendants.

Case No. '08 CV 755 WQH CAB

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)**

Complaint Filed: February 22, 2008

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants HomeTeam Pest Defense LLC and Centex Home Services Company LLC dba Centex HomeTeam Services ("Defendants") hereby remove this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441 and 1446 and set forth in support of their Notice of Removal of Action the following:

1. On February 22, 2008, an action was commenced in the Superior Court of the State of California, County of San Diego by filing a Complaint for Damages, Restitution and Statutory

Penalties ("Complaint"), entitled *Ronald Mann v. HomeTeam Pest Defense, LLC, Centex HomeTeam Services, Jesse Quiroz, and Kevin Kellough*, Case No. 37-2008-00078580-CU-OE-CTL. A copy of this Complaint is attached as Exhibit A.

2. The Complaint alleges the following causes of action against all Defendants: (1) Failure to Pay Overtime; (2) Waiting Time Penalties; (3) Failure to Provide Accurate Itemized Statements; (4) Failure to Provide Meal Periods; (5) Failure to Provide Rest Periods; (6) Unfair Competition; (7) Failure to Pay Overtime and to Furnish Itemized Wage Statement; and (8) Out of State Check Violation. Each claim is predicated on violations of the California Labor Code.

3. Defendant HomeTeam Pest Defense, LLC ("HomeTeam") was served by personal service of a Summons and Complaint on its agent for service of process on March 26, 2008. A true and correct copy of this Summons is attached as Exhibit A.

4. Defendant Centex Home Services Company LLC dba Centex HomeTeam Services ("Centex") was served by personal service of a Summons and Complaint on its agent for service of process on March 26, 2008. A true and correct copy of this Summons is attached as Exhibit A.

5. These Defendants are informed and believe that neither Jesse Quiroz or Kevin Kellough have been served in this action.

6. HomeTeam and Centex filed their respective answers to the Complaint on April 25, 2008. A true and correct copy of Defendants' answers are attached as Exhibits B and C.

7. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) because, excluding fraudulently joined Defendants Quiroz and Kellough, it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**<u>The Amount In Controversy Requirement Is Satisfied</u>**

8. Plaintiff seeks allegedly unpaid overtime wages and wages for unprovided meal breaks and denied rest periods for a period of four years as well as interest, penalties, and other relief. (Complaint at ¶43, 44, 50, 55, 59 and 63.)

9. On February 4, 2008, counsel for Plaintiff sent a letter to Defendants alleging Plaintiff had suffered $191,000 in unpaid wages and interest alone. A true and correct copy of this letter is attached as Exhibit D. Thus, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**Complete Diversity Exists**

10. At the time of filing his Complaint and this Notice of Removal, Plaintiff was and is a citizen of California, inasmuch as Plaintiff alleges that "[a]t all times mentioned herein, Plaintiff MANN was a resident of San Diego County, State of California." (Complaint at ¶2.) Plaintiff's residence is prima facie evidence that he is domiciled in California for purposes of diversity. (*State Farm v. Dyer*, (10th Cir. 1994) 19 F.3d 514, 519.)

11. HomeTeam was, at the time of the filing of this action, and still is, a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas. HomeTeam was not at any time and is not a citizen of the State of California. As of April 15, 2008, HomeTeam is known as HTPD, LLC, a Delaware LLC with its principal place of business in Texas. The sole owner/member of HomeTeam Pest Defense LLC was and, as HTPD, LLC, still is, Centex Home Services Company LLC dba Centex HomeTeam Services, which is organized under the laws of the State of Nevada with its principal place of business in the State of Texas. Centex Home Services Company LLC was not at any time and is not a citizen of the State of California.

12. Centex HomeTeam Services was, at the time of the filing of this action, and still is, a name under which Centex Home Services Company, LLC does business. It is a limited liability company duly organized and existing under the laws of the State of Nevada with its principal place of business in the State of Texas. Centex Home Services Company, LLC is a holding company and parent company of HomeTeam Pest Defense LLC and HomeTeam Pest Defense, Inc. The sole owner/member of Centex Home Services Company LLC was, at the time of the filing of this action, and still is Centex Corporation. Centex Corporation is a corporation duly organized and existing under the laws of the state of Nevada with its principal place of business in the State of Texas. Centex Corporation was not at any time and is not a citizen of the State of California.

13. Neither HomeTeam Pest Defense, LLC nor Centex Home Services Company LLC dba Centex HomeTeam Services was Plaintiff's employer. Plaintiff was employed by HomeTeam Pest Defense, Inc., which is the proper Defendant in this action although it has not been named or served. Complete diversity exists with HomeTeam Pest Defense, Inc. which is a corporation duly organized and existing under the laws of the State of Nevada with its principal place of business in the State of Texas. HomeTeam Pest Defense, Inc. was not at any time and is not a citizen of the State of California.

14. The Complaint also names Defendants Does 1 to 25. Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded.

15. The Complaint names Quiroz and Kellough as individual defendants. The citizenship of Quiroz and Kellough should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) because Quiroz and Kellough are "sham" or "fraudulently joined" defendants. (McCabe v. General Foods Corp., (9th Cir. 1986) 811 F.2d 1336, 1339 [fraudulent joinder is when the court finds that no cause of action exists against a non-diverse defendant].) The consent of unserved or fraudulently joined defendants is not required for removal. (Emrich v. Touche Ross & Co., (9th Cir. 1988) 846 F.2d 1190, 1993, n.1.)

16. This is wage and hour case and Plaintiff alleges that Quiroz and Kellough were managers who supervised Plaintiff. (Ex. A at ¶¶ 5-6.) They are local branch managers and were Plaintiff's immediate supervisors. They are employees of HomeTeam Pest Defense, Inc. These supervisors are named as party defendants to each of Plaintiff's claims seeking unpaid wages and alleging other Labor Code violations. The California Supreme Court has unambiguously held that corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages and are not included in the definition of employer under the California Labor Code. Reynolds v. Bement (2005) 36 Cal. 4th 1075, 1087 ("Reynolds"). The Court in Reynolds held that the Labor Code does not impose personal liability on a corporate agent for a corporate employer's alleged violation of the Labor Code. *Id*; see also Jones v. Gregory, (2006) 137 Cal. App. 4th 798, 804.

17. The Unfair Competition claim is predicated on violations of the Labor Code. (Complaint, ¶¶ 64-73.) Because the predicate claims fail, the Unfair Competition claim cannot be a basis for liability.

**The Other Requirements For Removal Are Met**

18. This Notice of Removal is being filed within thirty (30) days after service of receipt by these Defendants of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

19. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(b).

20. Removal to this Court is proper as the Superior Court of the State of California, County of San Diego, where this action was originally filed, is located within this district.

21. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on these Defendants in the state court action are attached hereto at Exhibit E.

22. Counsel for these Defendants certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and give notice of same to counsel for Plaintiff.

Dated: April 25, 2008

**WILSON PETTY KOSMO & TURNER LLP**

By: Meryl C. Maneker

MERYL C. MANEKER
LISA A. HILL
Attorneys for Defendants
CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES AND HOMETEAM PEST DEFENSE LLC

OF COUSEL:

BAKER BOTTS L.L.P.
DAN HARTSFIELD (TX Bar No. 09170800)
KAREN E. GRIFFIN (TX Bar No. 00796680)
CYNTHIA UDUEBOR (TX Bar No. 24047012
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

| UNITED STATES DISTRICT COURT<br>IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>MANN v. HOMETEAM PEST DEFENSE, LLC, ET AL. | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>MERYL C. MANEKER (188342 )<br>LISA A. HILL (223995)<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | TELEPHONE NO.:<br>Tel. (619) 236-9600<br>Fax: (619) 236-9669 | |
| ATTORNEYS FOR:<br>Defendants CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES AND HOMETEAM PEST DEFENSE LLC | HEARING DATE – TIME | CASE NUMBER: |

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On April 25, 2008, I served the following documents:

1. **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)**

I served the documents on the person below, as follows:

United Employees Law Group, P.C.
Walter L. Haines, Esq.
Steven D. Waisbren, Esq.
Gregory A. Douglas, Esq.
65 Pine Ave., Ste. 312
Long Beach, CA 90802
Tel: 562-256-1047
Fax: 562-256-1006
***Counsel for Plaintiff Ronald Mann***

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on April 25, 2008, at San Diego, California.

Lori Cutrell

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Clerk of the Superior Court
MAR 06 2008
By: K. BROWN, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HOMETEAM PEST DEFENSE, LLC, a Delaware LLC doing business in California; CENTEX HOMETEAM SERVICES, an unknown business entity; JESSE QUIROZ; and KEVIN KELLOUGH, individuals;

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RONALD MANN, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court San Diego County, State of California - Central Division
220 W. Broadway
San Diego, CA 92101-3409

CASE NUMBER: *(Número del Caso):* 37-2008-00078580-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
United Employees Law Group, P.C.
65 Pine Ave., #312, Long Beach, CA 90802

DATE: MAR 06 2008 Clerk, by K Brown, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Hometeam Pest Defense LLC a Delaware doing business in California

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ronald Mann v. Hometeam Pest Defense, LLC | |

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

and DOES 1-25,



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Clerk of the Superior Court
MAR 06 2008
By: K. BROWN, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HOMETEAM PEST DEFENSE, LLC, a Delaware LLC doing business in California; CENTEX HOMETEAM SERVICES, an unknown business entity; JESSE QUIROZ; and KEVIN KELLOUGH, individuals;

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RONALD MANN, an individual

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court San Diego County, State of California - Central Division
220 W. Broadway
San Diego, CA 92101-3409

CASE NUMBER: *(Número del Caso):* 37-2008-00078580-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
United Employees Law Group, P.C.
65 Pine Ave., #312, Long Beach, CA 90802

DATE: *(Fecha)* MAR 06 2008 Clerk, by *(Secretario)* K Brown, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Centex Hometeam Services, an unknown business entity

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: Ronald Mann v. Hometeam Pest Defense, LLC | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

and DOES 1-25,



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED EMPLOYEES LAW GROUP, P.C.
Walter L. Haines, Esq. SBN 71075
Steven D. Waisbren, Esq. SBN 116315
Gregory A. Douglas, Esq. SBN 147166
65 Pine Ave., #312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006

08 FEB 22 PM

CLERK SAN DIEGO COUNTY, CA

FILED ON DEMAND

Attorneys for Plaintiff
CURTIS WILLIAMS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| CURTIS WILLIAMS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>HOMETEAM PEST DEFENSE, LLC, a Delaware LLC doing business in California; CENTEX HOMETEAM SERVICES, an unknown business entity; SUNCAL PEST MANAGEMENT, an unknown business entity; JESSE QUIROZ, an individual; and RAY KEECH, an individual and DOES 1-25,<br><br>Defendant(s). | Case No. № 37-2008-00078579-CU-OE-CTL<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, AND STATUTORY PENALTIES**<br><br>**1. Failure to Pay Overtime [Lab.C. §§ 510, 1194, 1198]**<br>**2. Waiting Time Penalties [Lab.C. §§ 203, 558]**<br>**3. Failure to Provide Accurate Itemized Statements [Lab. Code §226]**<br>**4. Failure to Provide Meal Periods [Lab.C. §§ 226.7, 512; IWC Wage Orders]**<br>**5. Failure to Provide Rest Periods [Lab.C. §§ 226.7 and IWC Wage Orders]**<br>**6. Unfair Competition [B&PC § 17200-*et seq.*]**<br>**7. Failure to Pay Overtime and Provide Itemized Wage Statements [Labor Code §2699]**<br>**8. Out of State Check Violation [Labor Code §212]** |

**COMES NOW** Plaintiff CURTIS WILLIAMS (hereinafter referred to as "WILLIAMS" or "Plaintiff"), an individual, and complains and alleges against Defendants HOMETEAM PEST DEFENSE, LLC, CENTEX HOMETEAM SERVICES, SUNCAL PEST MANAGEMENT, JESSE QUIROZ, RAY KEECH and DOES 1-25, and each of them, for causes of action as follows:



04/10/2008 06:05 FAX 858 547 9844 HOMETEAM PEST DEFENSE 002

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff brings this action against Defendants HOMETEAM PEST DEFENSE, LLC, CENTEX HOMETEAM SERVICES, SUNCAL PEST MANAGEMENT, JESSE QUIROZ, RAY KEECH and DOES 1 through 25, inclusive, for statutory damages, injunctive relief, prejudgment interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief for Defendants' violations of various sections of the California Labor Code, Industrial Welfare Commission Wage Orders, and Business & Professions Code §§ 17200-*et seq.* Jurisdiction is proper in this Court because alleged damages exceed $25,000.00 and Plaintiff seeks a permanent injunction according to Code of Civil Procedure § 580(b)(2).

2. At all times mentioned herein, Plaintiff WILLIAMS was a resident of SAN DIEGO County, State of California. WILLIAMS is a former employee of Defendants, and each of them.

3. Plaintiff is informed and believes, and on that basis allege, that at all times mentioned herein, Defendant HOMETEAM PEST DEFENSE, LLC (hereinafter referred to as "HOMETEAM PEST DEFENSE" individually, or collectively as "Defendants") was and is a Delaware LLC doing business in California with its principal place of business located at 10770 CARROLL CANYON ROAD, SAN DIEGO, CA 92131, in the County of SAN DIEGO, State of California.

4. Plaintiff is informed and believes, and on that basis allege, that at all times mentioned herein, Defendant CENTEX HOMETEAM SERVICES (hereinafter referred to as "CENTEX" individually, or collectively as "Defendants") was and is a business of unknown form with its principal place of business located at 10770 CARROLL CANYON ROAD, SAN DIEGO, CA 92131, in the County of SAN DIEGO, State of California.

5. Plaintiff is informed and believes, and on that basis allege, that at all times mentioned herein, Defendant SUNCAL PEST MANAGEMENT (hereinafter referred to as "SUNCAL" individually, or collectively as "Defendants") was and is a business of unknown form with its principal place of business located at 7850 LESTER AVE., LEMON GROVE, CA 91945, in the County of SAN DIEGO, State of California.

6. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant JESSE QUIROZ (hereinafter referred to as "QUIROZ" individually, or collectively with other

Defendants as "Defendants") was a resident of SAN DIEGO County. Plaintiff is informed and believes, and thereon alleges, that Defendant QUIROZ is one of the managers of the entity Defendant, and was one of each of Plaintiff's employers for purposes of the Labor Code violations alleged herein, in that said Defendant exercised direct control over wages, hours, and working conditions of Plaintiff; he failed and refused to pay, among other things, overtime compensation; he paid Plaintiff without accurate itemized wage statements; and QUIROZ failed to authorize and/or permit rest periods and uninterrupted meal periods pursuant to Labor Code §§ 226.7 and 512 and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

7. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant RAY KEECH (hereinafter referred to as "KEECH" individually, or collectively with other Defendants as "Defendants") was a resident of SAN DIEGO County. Plaintiff is informed and believes, and thereon alleges, that Defendant KEECH is one of the owners of the entity Defendant, and was one of each of Plaintiff's employers for purposes of the Labor Code violations alleged herein, in that said Defendant exercised direct control over wages, hours, and working conditions of Plaintiff; he failed and refused to pay, among other things, overtime compensation; he paid Plaintiff without accurate itemized wage statements; and KEECH failed to authorize and/or permit rest periods and uninterrupted meal periods pursuant to Labor Code §§ 226.7 and 512 and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, directly employed or exercised control over Plaintiff's wages, hours, and/or working conditions. As such each Defendant, pursuant to section 558, subdivision (a), is a person who is an employer or who is acting on behalf of an employer who violates, or causes to be violated, a statute or wage order relating to working hours and is therefore subject to a civil penalty, payable to the affected employee, equal to the amount of any underpaid wages.

9. Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, each and every Defendant named herein, whether in their individual capacity or as a "Doe" Defendant, was at all times relevant to Plaintiff's claims herein the agent, employee, servant, master, and/or employer of each and every other Defendant, however named, and in doing the things herein alleged, were acting within the

course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

10. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sues said Defendants by such fictitious names and capacities. Plaintiff will amend this complaint to show said Defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon allege that at all times relevant, Defendant QUIROZ, Defendant KEECH, and each of said fictitiously named DOE defendants, was a business entity or individual person who owned, controlled, or managed the business for which Plaintiff worked, and/or who directly or indirectly exercised operational control over Plaintiff's wages, hours, and working conditions. Plaintiff further alleges that said each and every one of said Defendants held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal payroll practices and policies for Defendants which have damaged Plaintiff in individual and separate amounts. Thus, all Defendants herein, whether named in this Complaint or named as DOES 1 through 25, were and are "employers" as a matter of law, and each is individually liable on all causes of action alleged herein.

11. Plaintiff is informed and believes, and thereon alleges, that each and every Defendant herein is, and at all times relevant hereto was, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by Plaintiff, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California. Specifically, Defendants, and each of them, maintain offices, operate businesses, employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the County of SAN DIEGO.

12. Plaintiff is further informed and believes, and thereon alleges, that each and every Defendant herein aided and assisted the other Defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every Defendant herein.

13. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each



04/10/2008 06:08 FAX 858 547 9844 HOMETEAM PEST DEFENSE 005

and every Defendant herein was in some fashion, by contract or otherwise, the successor, assign, joint venturer, co-venturer, indemnitor, guarantor, partner or third-party beneficiary of one or more of the remaining Defendants, and all times relevant to Plaintiff's claim alleged herein, was acting within that capacity. Plaintiff further allege that each and every Defendant to some degree and extent wrongfully received and/or wrongfully benefitted from the flow of assets from the other Defendants, to the detriment of Plaintiff, and each of them, the rightful owners of the pay denied them, and that such equities exist to merit this Court imposing restrictive orders, including without limitation a constructive trust on such assets in the control of Defendants, or any of them, or their agents or anyone acting on their behalf, as Plaintiff may trace to the wrongful recipient(s) and/or beneficiary(ies) of said funds.

14. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, one or more of Defendants herein was the alter ego of one or more of the other Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining Defendants.

15. Plaintiff is informed and believes, and thereon alleges, that there exists a unity of ownership and interest, between Defendant HOMETEAM PEST DEFENSE and one or more of the other Defendants herein, including specifically QUIROZ, and/or KEECH such that any individuality and separateness between said other Defendants and Defendant HOMETEAM PEST DEFENSE has ceased, and the said other Defendants, and each of them, was at all times relevant to Plaintiff's claim, and remains, the alter ego of Defendant HOMETEAM PEST DEFENSE and all other Defendants.

16. Plaintiff is informed and believes, and thereon alleges, that there exists a unity of ownership and interest, between Defendant CENTEX and one or more of the other Defendants herein, including specifically QUIROZ, and/or KEECH such that any individuality and separateness between said other Defendants and Defendant CENTEX has ceased, and the said other Defendants, and each of them, was at all times relevant to Plaintiff's claim, and remains, the alter ego of Defendant CENTEX and all other Defendants.

17. Plaintiff is informed and believes, and thereon alleges, that there exists a unity of ownership and interest, between Defendant SUNCAL and one or more of the other Defendants herein, including specifically QUIROZ, and/or KEECH such that any individuality and separateness between said other Defendants and Defendant SUNCAL has ceased, and the said other Defendants, and each of them, was at



04/10/2008 06:06 FAX 858 547 9844 HOMETEAM PEST DEFENSE 006

all times relevant to Plaintiff's claim, and remains, the alter ego of Defendant SUNCAL and all other Defendants.

18. Plaintiff is informed and believes and thereon alleges the Court's adherence to the fiction of the separate existence of any or all Defendants as entities distinct from the other Defendants would permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said Defendants, and each of them, have defaulted on their individual and collective obligations to Plaintiff under California law.

19. Plaintiff is informed and believes and thereon alleges that Defendant HOMETEAM PEST DEFENSE was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other Defendants, including specifically QUIROZ, as QUIROZ's individual business and alter ego, in that the activities and business of Defendant HOMETEAM PEST DEFENSE was carried on without the holding of director's or shareholders meetings, no records or minutes of any corporate proceedings were maintained.

20. Plaintiff is informed and believes and thereon alleges that Defendant CENTEX was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other Defendants, including specifically QUIROZ, as QUIROZ's individual business and alter ego, in that the activities and business of Defendant CENTEX was carried on without the holding of director's or shareholders meetings, no records or minutes of any corporate proceedings were maintained.

21. Plaintiff is informed and believes and thereon alleges that Defendant SUNCAL was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other named Defendants, and/or unnamed DOE Defendants herein, as their individual business and alter ego, in that the activities and business of Defendant SUNCAL was carried on without the holding of director's or shareholders meetings, no records or minutes of any corporate proceedings were maintained.

22. Plaintiff is informed and believes and thereon alleges that Defendant HOMETEAM PEST DEFENSE was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other named Defendants, and/or unnamed DOE Defendants herein, as their own individual business and alter ego, in that the activities and business of Defendant HOMETEAM PEST DEFENSE was carried on without the holding of director's or shareholders meetings, no records or minutes

of any corporate proceedings were maintained.

23. Plaintiff is informed and believes and thereon alleges that Defendant CENTEX was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other named Defendants, and/or unnamed DOE Defendants herein, as their individual business and alter ego, in that the activities and business of Defendant CENTEX was carried on without the holding of director's or shareholders meetings, no records or minutes of any corporate proceedings were maintained.

24. Plaintiff is informed and believes and thereon alleges that Defendant SUNCAL was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other named Defendants, and/or unnamed DOE Defendants herein, as their individual business and alter ego, in that the activities and business of Defendant SUNCAL was carried on without the holding of director's or shareholders meetings, no records or minutes of any corporate proceedings were maintained.

25. Plaintiff is informed and believes and thereon alleges that Defendant HOMETEAM PEST DEFENSE, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said Defendant HOMETEAM PEST DEFENSE, and all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendant, said capitalization was in adequate to do business properly and legally under California law.

26. Plaintiff is informed and believes and thereon alleges that Defendant CENTEX, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said Defendant CENTEX, and all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendant, said capitalization was in adequate to do business properly and legally under California law.

27. Plaintiff is informed and believes and thereon alleges that Defendant SUNCAL, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said Defendant SUNCAL, and all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendant, said capitalization was in adequate to do business properly and legally



04/10/2008 06:06 FAX 858 547 9844 HOMETEAM PEST DEFENSE 008

under California law.

28. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

29. WILLIAMS was employed as a Field Technician with Defendants, and each of them, continuously from on or about NOVEMBER 2002 until on or about MAY 19, 2005. WILLIAMS' job title did not necessarily accurately describe the work performed. Plaintiff was not primarily engaged (more than 50 percent of the time) in duties that meet the test of the exemption.

30. At all times relevant herein, Plaintiff was entitled to an hourly rate of pay of approximately $17.31 - $18.27 per hour.

31. Under Wage Orders established by the Department of Labor Standards and Enforcement ("D.L.S.E."), WILLIAMS does not qualify as an "exempt employee", and therefore, WILLIAMS' employment is subject to all appropriate laws with respect to a non-exempt employee who is entitled to an hourly wage and therefore, also entitled to overtime wages.

32. WILLIAMS routinely worked in excess of eight (8) hours per day and forty (40) hours per week, all without receiving proper wages, any overtime or double-time pay.

33. WILLIAMS was consistently paid incorrectly by Defendants, because they failed to pay WILLIAMS proper wages, for all hours worked, and for all applicable overtime hours to which he was entitled. Plaintiff complained to Defendants about this fact, to no avail.

34. At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as amended (8 Cal.Code Regs.§ 11050), applied to wages, hours, and working conditions of all persons such as Plaintiff, and all of Plaintiff's co-workers employed by Defendants, and each of them.

35. As a general rule, Defendants routinely denied Plaintiff herein a ten (10) minute rest break in the morning, and a ten (10) minute rest break in the afternoon, and/or a rest or meal break for every four (4) hours Plaintiff worked.

36. As a general rule, Plaintiff was prevented from taking a thirty (30) minute meal break after working for over five (5) hours, and/or again after working over ten (10) hours in the same day, contravening provisions of the Labor Code.

37. Throughout WILLIAMS' employment, Defendants and each of them failed to provide Plaintiff



04/10/2008 06:06 FAX 858 547 9844 HOMETEAM PEST DEFENSE 009

with accurate itemized wage statements showing the correct number of hours worked by WILLIAMS at the effective regular and overtime rates of pay applicable to those hours worked.

38. Plaintiff by certified mail served notice of the violations alleged in this complaint, in the manner required by Labor Code § 2699.3, on the California Labor & Workforce Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "LABOR BOARD." Said notice was also served by certified mail on Defendants, at Defendants' last known address(es). Upon the expiration of thirty-three (33) days or more following the sending of the notice, if neither of the Plaintiff herein, nor Plaintiff's counsel have received notice from the LABOR BOARD that said agency was accepting Plaintiff's claim for prosecution, Plaintiff alleges the right to proceed with all remedies provided by law, including in addition to any compensatory damages awarded on Plaintiff's complaint herein, any and all statutory penalties which are collectible by Plaintiff under the provisions of Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private Attorney General Act of 2004.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime – Against All Defendants)**

39. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

40. Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to compensate Plaintiff for all overtime actually worked, at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

41. Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to all IWC Wage Orders applicable to Plaintiff's industry and occupation, beginning on NOVEMBER 2002, and continuing until the date Plaintiff ceased to be employed by Defendants, or any of them, Defendants and each of them were required to compensate Plaintiff for all overtime actually worked, which is calculated according to law for all hours worked in excess of eight (8) hours per day, 40 hours per week or on specific days of the week, as shall be shown at the time of trial.

42. Plaintiff was a nonexempt employee entitled to the protections of the California Labor Code, and also of all IWC Wage Orders applicable to Plaintiff's industry and occupation. During the course of WILLIAMS' employment, Defendants, and each of them, failed to compensate Plaintiff WILLIAMS for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

43. Beginning on or about NOVEMBER 2002, pursuant to Labor Code §§ 200, 510, 1194, and 1198, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to compensate Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh (7th) consecutive day of any work week.

44. At all times relevant herein, Labor Code § 1194(a) provided that an employee, in the position of WILLIAMS, who had not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest thereon, together with reasonable attorney's fees and costs of suit.

45. Within the last four (4) years preceding the filing of this complaint, Defendants have employed Plaintiff WILLIAMS as a Field Technician.

46. Throughout Plaintiff's respective employment, Defendants have failed and refused to pay and properly calculate overtime compensation to Plaintiff as required by law.

47. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to pay overtime wages, WILLIAMS has suffered and continues to suffer wage losses in a sum according to proof.

48. Plaintiff has incurred and continue(s) to incur legal expenses and attorney's fees. Plaintiff is entitled to legal expenses and attorney's fees pursuant to California Labor Code §1194(a), in sums according to proof.

## SECOND CAUSE OF ACTION

**(Waiting Time Penalties - Cal. Lab. Code §§ 203, 558 et seq. – Against All Defendants)**

49. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

50. Plaintiff WILLIAMS ceased being employed by Defendants, on or about MAY 19, 2005, whereby all monies owed must be paid, pursuant to statute (Labor Code §§201(a) and 227.3), to WILLIAMS within the time prescribed by law.

51. To date, Plaintiff WILLIAMS has still not been paid in full for, but not limited to: wages owed, overtime or double-time owed.

52. Defendants have willfully failed to pay Plaintiff all monies owed to Plaintiff.

53. As a result of these failures to pay, Plaintiff is individually entitled to waiting time penalties pursuant to Labor Code § 203, for a period of thirty (30) days.

54. Plaintiff have each incurred, and continue to incur, legal expenses and attorney's fees. Plaintiff are entitled to legal expenses and attorney's fees, pursuant to Labor Code §218.5, in a sum according to proof.

## THIRD CAUSE OF ACTION

**(For Violation of Labor Code § 226 – Failure to Provide Accurate Itemized Statements Against All Defendants)**

55. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

56. At all times relevant herein, Defendants violated Labor Code § 226, in that Defendants failed to properly and accurately itemize the number of hours worked by Plaintiff at the effective regular rates of pay and the effective overtime rates of pay.

57. In a letter dated January 28th, 2008 to JESSE QUIROZ and RAY KEECH, demand was made by Plaintiff for her employment records. Defendants having willfully failed to produce any of the requested records, as a legal and proximate result, Defendants are liable for penalties in sums to be calculated and imposed by the Court at the time of trial in this matter. Defendants and each of them are in violation of



04/10/2008 06:07 FAX 858 547 9844 HOMETEAM PEST DEFENSE 012

Labor Code § 226, and are thus liable jointly and severally as set forth below.

58. Defendants and each of them, knowingly and intentionally failed to comply with Labor Code § 226, causing damages to Plaintiff. These damages, including but limited to costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to the Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for respective Plaintiff herein) plus reasonable attorney's fees and costs, plus a penalty of $750.00 pursuant to Labor Code § 226(e)(f).

**FOURTH CAUSE OF ACTION**

**(Compensation for Required Meal Periods Not Provided – Lab. Code §§ 226.7, 512, and IWC Wage Orders – Against All Defendants)**

59. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

60. Labor Code §§ 226.7 and 512, and all IWC Wage Orders applicable to Plaintiff's industry and occupation generally require an employer to provide employees a meal period of not less than 30 uninterrupted minutes for every five hours worked.

61. Plaintiff alleges on information and belief that Defendants and each of them violated Labor Code §§ 226 and 512, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to provide Plaintiff the requisite 30-minute meal periods required by law throughout Plaintiff's respective employment.

62. Plaintiff alleges on information and belief that Defendants further violated Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay one hour of compensation at Plaintiff's regular rate of pay for each work day that the meal period was not provided, in amounts to be shown at the time of trial but believed to be in excess of $2500.00. This amount is still owed and unpaid.



04/10/2008 06:07 FAX 858 547 9844 HOMETEAM PEST DEFENSE 013

**FIFTH CAUSE OF ACTION**

**(Compensation For Required Rest Periods Not Provided – Cal. Lab. Code §§ 226.7 and IWC Wage Orders – Against All Defendants)**

63. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

64. Pursuant to Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, Defendants were required to authorize and permit employees, such as Plaintiff herein, to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

65. Defendants failed and refused to authorize and permit Plaintiff to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7 and all IWC Wage Orders applicable to Plaintiff's industry and occupation.

66. Defendants further violated Labor Code § 226.7, and all IWC Wage Orders applicable to Plaintiff's industry and occupation, by failing to pay Plaintiff according to law, in amounts according to proof at the time of trial, which amount remain owing and unpaid.

**SIXTH CAUSE OF ACTION**

**(For Unfair Competition In Violation of Unfair Business Practices - Business & Professions Code §§ 17200-*et seq.* – By Plaintiff Acting Each Individually, and also For the Interests of the General Public – Against All Defendants)**

67. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

68. California Business & Professions Code §§ 17200-*et seq.* prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."

69. Defendants' and each of their conduct, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to Plaintiff herein, and to the general public. Plaintiff hereby seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. Plaintiff is a "person" within the meaning of the Business & Professions Code § 17204, and thus possesses



04/10/2008 06:07 FAX 858 547 9844 HOMETEAM PEST DEFENSE 014

standing to bring this suit for injunctive relief and restitution.

70. It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

71. Through the conduct alleged herein, Defendants acted contrary to these public policies and have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 et. seq., depriving Plaintiff herein, of the rights, benefits, and privileges guaranteed to employees under California law.

72. Defendants, and each of them, regularly and routinely violated the following statutes and regulations with respect to Plaintiff herein,: Labor Code §§ 510 and 1194, and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to pay overtime pay); Labor Code § 226 (failing to provide accurate wage statements to employees at the time of payment);and/or Labor Code §§ 226.7 and 512, and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to provide rest and meal periods).

73. By engaging in theses business practices, which are unfair business practices within the meaning of Business & Professions Code §§ 17200-*et. seq.*, Defendants harmed Plaintiff herein, and thus by that design and plan gained an unfair competitive edge in the marketplace.

74. Under Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of these funds, on Plaintiff's own behalf, by Defendants' unfair business practices as enumerated herein.

75. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent Defendants from continuing to engage in the unfair business practices as alleged herein. Plaintiff is informed and believes that Defendants, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff has no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to Plaintiff, unless Defendants are restrained from committing further illegal acts.

76. Plaintiff's success in this action will result in the enforcement of important rights affecting the public and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any. Plaintiff, individually and by and through counsel, has incurred and continues to incur a financial burden in pursuing this action on behalf of the general public. Plaintiff further seeks to enjoin the above-referenced unlawful actions under the Labor Code. Therefore, Plaintiff seeks an award of attorney's fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and other applicable Labor Code sections.

**SEVENTH CAUSE OF ACTION**

**(Failure to Pay Overtime and to Furnish Itemized Wage Statement**

**Labor Code, Section 2699 - Against All Defendants)**

77. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

78. By the conduct described above, Defendants, and each of them, have failed to pay Plaintiff overtime compensation as required by Section 510 of the California Labor Code and failed to furnish Plaintiff with an itemized wage statement as required by Labor Code, Section 226(a)(2) and (9).

79. By reason of the above, Plaintiff is entitled to a payment of a penalty of $50 per pay period for each employee for the initial violation and $100 per pay period for each employee for each subsequent violation, for the failure to furnish an itemized wage statement, up to a maximum of $4,000 per employee, and Plaintiff is entitled to a payment of $50 per pay period for each employee for the initial violation and $100 per pay period for each employee for each subsequent violation, for failure to pay overtime compensation.

80. Plaintiff has complied with the Notice requirements of Labor Code, Section 2699.3(a)(1), as set for in paragraph 33 regarding a violation of Sections 226, 510 and 558 of the Labor Code, prior to commencing this action.

81. Plaintiff therefore have a private right of action against all defendants, both business and individual, pursuant to California Labor Code Section 558 (a).



04/10/2008 06:08 FAX 858 547 9844 HOMETEAM PEST DEFENSE 016

## EIGTH CAUSE OF ACTION

**(Out of State Check Violation Labor Code § 212, Against All Defendants)**

82. Plaintiff realleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

83. Labor Code, Section 212(a)(1) states in pertinent part that no person shall issue in payment of wages due, or to become due, any check, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

84. Labor Code, Section 212(c) states that notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without discount, at any palce of business of the drawee chosen by the person entitled to enforce the instrument.

85. Plaintiff is informed and believes and thereon alleges that the exception set forth in Labor Code, Section 212(c) only applies if the employer is a bank and Plaintiff further alleges that the branch of the drawee bank on which the paychecks are drawn for plaintiff prosecuting this cause of action is located outside the state of California, but the drawee bank's branches in California will not cash said employee's payroll checks without a fee unless the employee has an account with that bank, and the bank will not pay in cash upon demand the full amount of the check, but requires the employee to wait a specified period of time for the out of state check to clear and/or to pay a fee for cashing the payroll check.

86. By reason of the above, Defendants violated section 212 of the Labor Code by issuing to Plaintiff a check for wages due, drawn on an out-of-state bank, which was not negotiable and payable in cash, on demand, without discount, at some established place of business within the state, the name and address of which appeared on the check.

87. By reason of the above, Plaintiff is entitled to payment of a penalty of one hundred dollars ($100) per pay period for each employee for the initial violation, and $200 for each employee per pay period for each subsequent violation, within one year of the date of the filing of this complaint until the date of





04/10/2008 06:08 FAX 858 547 9844 HOMETEAM PEST DEFENSE 017

entry of judgment.

**WHEREFORE,** Plaintiff WILLIAMS respectfully prays this Court enter judgment in favor of Plaintiff WILLIAMS, and against Defendants HOMETEAM PEST DEFENSE, CENTEX, SUNCAL, QUIROZ, KEECH and such Defendants as may be added as "Doe" Defendants herein, and each of them, jointly and severally, individually and collectively, as follows:

1. For back pay, front pay, and other Special Damages according to proof;
2. For general Damages as shall be shown at the time of trial;
3. For all statutory damages;
4. For restitution of all monies due to WILLIAMS, and disgorgement of profits from the unlawful business practices of Defendants;
5. For pre-judgment and post-judgment interest on all damages awarded;
6. For all penalties imposed as stipulated by the California Labor Code; including waiting time penalties, pursuant to Labor Codes §§ 203 and 558;
7. For reasonable attorneys' fees, pursuant to Labor Code §§ 218.5, 2699. Code of Civil Procedure §1021.5, Business & Professions Code § 17200-*et seq.*, and according to any other attorney-fee statutes found by the Court to apply to the facts presented at trial;
8. For costs of suit incurred;
9. For compensation of one hour at the regular rate of pay for each meal period denied and each rest period denied in violation of Labor Code §§ 226.7, 512 and all IWC Wage Orders applicable to Plaintiff's industry and occupation, according to proof;
10. For a preliminary and permanent injunction ordering each and every Defendant to cease such unlawful and unfair practices as alleged herein above and proved to the Court at the time of trial, requiring the establishment of appropriate and effective means to prevent future violations;
11. For the imposition of a constructive trust against Defendants, and each of them, and such appropriate preliminary injunction as the Court may order during the period before a final judgment is entered in this matter, on such assets, monies and things, as Plaintiff shall show the Court at trial, or in the case of any application for preliminary injunction, such assets, monies and things as Plaintiff shall show the Court to exist at the time such *pendente lite* relief may be sought; AND



04/10/2008 06:08 FAX 858 547 9844 HOMETEAM PEST DEFENSE 018

12. For such other and further relief as the Court deems just.

DATED: February 18, 2008

**UNITED EMPLOYEES LAW GROUP, PC**

STEVEN D. WAISBREN,
Attorney for Plaintiff,
CURTIS WILLIAMS



04/10/2008 06:08 FAX 858 547 9844 HOMETEAM PEST DEFENSE 019

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2008 APR 25 P 1:06
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

WILSON PETTY KOSMO & TURNER LLP
MERYL C. MANEKER (188342)
LISA A. HILL (223995)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendants
CENTEX HOME SERVICES COMPANY LLC
DBA CENTEX HOMETEAM SERVICES AND
HOMETEAM PEST DEFENSE LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| RONALD MANN, AN INDIVIDUAL<br><br>Plaintiff,<br><br>v.<br><br>HOMETEAM PEST DEFENSE, LLC, A DELAWARE LLC DOING BUSINESS IN CALIFORNIA; CENTEX HOMETEAM SERVICES, AN UNKNOWN BUSINESS ENTITY; JESSE QUIROZ; AND KEVIN KELLOGH, INDIVIDUALS; AND DOES 1 THROUGH 25,<br><br>Defendants. | Case No. 37-2008-00078580-CU-OE-CTL<br><br>**DEFENDANT HOMETEAM PEST DEFENSE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: February 22, 2008<br><br>Dept.: C-71<br>Judge: Hon. Ronald S. Prager<br>Trial Date: Not Set |

Defendant HOMETEAM PEST DEFENSE, LLC answers the Complaint for Damages, Restitution and Statutory Penalties ("Complaint") filed by Plaintiff RONALD MANN as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation in each and every paragraph and cause of action in Plaintiff's unverified Complaint, denies that Defendant was Plaintiff's employer during any relevant period, denies that Plaintiff was injured or has suffered damages in any sum and further denies that Plaintiff is entitled to the relief claimed, or any relief, on the grounds alleged or otherwise.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Causes of Action)**

1. Plaintiff's Complaint, and each and every count or cause of action therein, fails to state facts sufficient to constitute any claim or cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(No Labor Code Violations)**

2. Defendant denies all assertions of violations of the California Labor Code.

**THIRD AFFIRMATIVE DEFENSE**

**(No Employment Relationship)**

3. Defendant HomeTeam Pest Defense was not Plaintiff's employer.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Party)**

4. Plaintiff has failed to join an indispensable party—Plaintiff's employer.

**FIFTH AFFIRMATIVE DEFENSE**

**(Constitutional Rights Violations)**

5. Plaintiff's claims under California Business and Professions Code section 17200 *et seq.* violate Defendant's constitutional rights under both the United States and California constitutions.

**SIXTH AFFIRMATIVE DEFENSE**

**(Plaintiff Was Properly Classified As An Exempt Employee)**

6. Plaintiff is not entitled to overtime compensation or meal and break periods as sought in the Complaint as he was, at all times relevant to this action, an employee in a retail or service establishment "whose earnings exceed one and one-half (1 ½) times the minimum wage" and who derived more than one half his compensation from commissions, and is, and at all times relevant was, exempt from federal and state overtime provisions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

7. Plaintiff's claims are subject to either a one-year or a three-year statute of limitations such that imposition of a four-year statute of limitations would violate Defendant's due process rights and other constitutional protections.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

8. Some or all of Plaintiff's claims or causes of action may be barred by the applicable statues of limitations, including, without limitation, Code of Civil Procedure sections 337, 338, 339, 340, and 343, and Business and Professions Code section 17208.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

9. Plaintiff is estopped by his conduct from recovering any relief by his Complaint, or any purported claim or cause of action alleged therein.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

10. By his conduct, Plaintiff has waived any right to recover any relief sought in his Complaint, or any purported claim or cause of action alleged therein.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Privilege/Justification)**

11. Any recovery on Plaintiff's Complaint, or any claim or purported cause of action alleged therein, is barred because the disputed conduct was privileged and/or justified.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Laches)**

12. Defendant alleges that the Complaint is barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Legal Duties Performed/Discharged)**

13. Defendant is informed and believe and thereon alleges that it has performed and fully

discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in Plaintiff's Complaint on file herein.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Injunctive Relief and Restitution Bar)**

14. Plaintiff's causes of action seeking injunctive relief and restitution are barred in light of the fact that Plaintiff has an adequate remedy at law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction)**

15. The subject matter of Plaintiff's Complaint is within the jurisdiction of the California Division of Labor Standards Enforcement ("DLSE") who has special competence in this area and thus, under the doctrine of primary jurisdiction, the Court should withhold any resolution of this dispute until DLSE has had opportunity to consider Plaintiff's claims.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith and Reasonable Actions)**

16. Plaintiff's causes of action are barred because Defendant acted reasonably and had a good faith and reasonable basis for its actions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands and *In Pari Delecto*)**

17. Defendant is informed and believe and thereon alleges that Plaintiff's claims are barred by the doctrines of unclean hands and *in pari delecto*.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Recovery on Wage Statement Claims)**

18. Plaintiff is not entitled to recovery on his wage statement claims as any failure to provide adequate statements, which Defendant expressly denies occurred, was not knowing and intentional.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Recovery of Waiting Time Penalties)**

19. To the extent Plaintiff seeks to recover waiting time penalties, Plaintiff is not entitled

to recovery of such penalties as any failure to pay wages which Defendant expressly denies occurred, was not willful.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

20. Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant pray as follows:

1. That Plaintiff takes nothing by his Complaint for damage or injunction;
2. That Plaintiff's Complaint herein be dismissed in its entirely with prejudice;
3. That judgment be entered against Plaintiff and in favor of Defendant;
4. That Defendant recover its costs of suit herein, including reasonable attorneys' fees; and,
5. That the Court award such other and further relief as it deems appropriate.

Dated: April 25, 2008

**WILSON PETTY KOSMO & TURNER LLP**

By: Meryl C. Maneker

MERYL C. MANEKER
LISA A. HILL
Attorneys for Defendants
CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES AND HOMETEAM PEST DEFENSE LLC

OF COUNSEL:

BAKER BOTTS L.L.P.
DAN HARTSFIELD (TX Bar No. 09170800)
KAREN E. GRIFFIN (TX Bar No. 00796680)
CYNTHIA UDUEBOR (TX Bar No. 24047012)
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

| SAN DIEGO SUPERIOR COURT, STATE OF CALIFORNIA | | FOR COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>MANN v. HOMETEAM PEST DEFENSE, LLC, ET AL. | | FILED CIVIL BUSINESS OFFICE 9 CENTRAL DIVISION<br>2008 APR 25 P 1:06<br>CLERK-SUPERIOR COURT SAN DIEGO COUNTY, CA |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>MERYL C. MANEKER (188342 )<br>MERYL C. MANEKER (188342 )<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | TELEPHONE NO.:<br>Tel. (619) 236-9600<br>Fax: (619) 236-9669 | |
| ATTORNEYS FOR:<br>Defendants CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES AND HOMETEAM PEST DEFENSE LLC | HEARING DATE – TIME | CASE NUMBER:<br>37-2008-00078580-CU-OE-CTL |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On April 25, 2008, I served the following documents:

**1. DEFENDANT CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT**

I served the documents on the person below, as follows:

United Employees Law Group, P.C.
Walter L. Haines, Esq.
Steven D. Waisbren, Esq.
Gregory A. Douglas, Esq.
65 Pine Ave., Ste. 312
Long Beach, CA 90802
Tel: 562-256-1047
Fax: 562-256-1006
***Counsel for Plaintiff Ronald Mann***

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on April 25, 2008, at San Diego, California.

Lori Cutrell

Exhibit C

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2008 APR 25 P 1:05
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

WILSON PETTY KOSMO & TURNER LLP
MERYL C. MANEKER (188342)
LISA A. HILL (223995)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendants
CENTEX HOME SERVICES COMPANY LLC
DBA CENTEX HOMETEAM SERVICES AND
HOMETEAM PEST DEFENSE LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

RONALD MANN, AN INDIVIDUAL

Plaintiff,

v.

HOMETEAM PEST DEFENSE, LLC, A DELAWARE LLC DOING BUSINESS IN CALIFORNIA; CENTEX HOMETEAM SERVICES, AN UNKNOWN BUSINESS ENTITY; JESSE QUIROZ; AND KEVIN KELLOGH, INDIVIDUALS; AND DOES 1 THROUGH 25,

Defendants.

Case No. 37-2008-00078580-CU-OE-CTL

**DEFENDANT CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint Filed: February 22, 2008

Dept.: C-71
Judge: Hon. Ronald S. Prager
Trial Date: Not Set

Defendant CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES. ("Defendant") answers the Complaint for Damages, Restitution and Statutory Penalties ("Complaint") filed by Plaintiff RONALD MANN as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation in each and every paragraph and cause of action in Plaintiff's unverified Complaint, denies that Defendant was Plaintiff's employer during any relevant period, denies that Plaintiff was injured or has suffered damages in any sum and further denies that Plaintiff is entitled to the relief claimed, or any relief, on the grounds alleged or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Causes of Action)**

1. Plaintiff's Complaint, and each and every count or cause of action therein, fails to state facts sufficient to constitute any claim or cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(No Labor Code Violations)**

2. Defendant denies all assertions of violations of the California Labor Code.

### THIRD AFFIRMATIVE DEFENSE

**(No Employment Relationship)**

3. Defendant Centex Home Services Company LLC dba Centex HomeTeam Services was not Plaintiff's employer.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Join Indispensable Party)**

4. Plaintiff has failed to join an indispensable party—Plaintiff's employer.

### FIFTH AFFIRMATIVE DEFENSE

**(Constitutional Rights Violations)**

5. Plaintiff's claims under California Business and Professions Code section 17200 *et seq.* violate Defendant's constitutional rights under both the United States and California Constitutions.

### SIXTH AFFIRMATIVE DEFENSE

**(Plaintiff Was Properly Classified As An Exempt Employee)**

6. Plaintiff is not entitled to overtime compensation or meal and break periods as sought in the Complaint as he was, at all times relevant to this action, an employee in a retail or service establishment "whose earnings exceed one and one-half (1 ½) times the minimum wage" and who derived more than one half his compensation from commissions, and is, and at all times relevant was, exempt from federal and state overtime provisions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

7. Plaintiff's claims are subject to either a one-year or a three-year statute of limitations such that imposition of a four-year statute of limitations would violate Defendant's due process rights and other constitutional protections.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

8. Some or all of Plaintiff's claims or causes of action may be barred by the applicable statues of limitations, including, without limitation, Code of Civil Procedure sections 337, 338, 339, 340, and 343, and Business and Professions Code section 17208.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

9. Plaintiff is estopped by his conduct from recovering any relief by his Complaint, or any purported claim or cause of action alleged therein.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

10. By his conduct, Plaintiff has waived any right to recover any relief sought in his Complaint, or any purported claim or cause of action alleged therein.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Privilege/Justification)**

11. Any recovery on Plaintiff's Complaint, or any claim or purported cause of action alleged therein, is barred because the disputed conduct was privileged and/or justified.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Laches)**

12. Defendant alleges that the Complaint is barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Legal Duties Performed/Discharged)**

13. Defendant is informed and believe and thereon alleges that it has performed and fully

discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in Plaintiff's Complaint on file herein.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Injunctive Relief and Restitution Bar)**

14. Plaintiff's causes of action seeking injunctive relief and restitution are barred in light of the fact that Plaintiff has an adequate remedy at law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction)**

15. The subject matter of Plaintiff's Complaint is within the jurisdiction of the California Division of Labor Standards Enforcement ("DLSE") who has special competence in this area and thus, under the doctrine of primary jurisdiction, the Court should withhold any resolution of this dispute until DLSE has had opportunity to consider Plaintiff's claims.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith and Reasonable Actions)**

16. Plaintiff's causes of action are barred because Defendant acted reasonably and had a good faith and reasonable basis for its actions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands and *In Pari Delecto*)**

17. Defendant is informed and believe and thereon alleges that Plaintiff's claims are barred by the doctrines of unclean hands and *in pari delecto*.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Recovery on Wage Statement Claims)**

18. Plaintiff is not entitled to recovery on his wage statement claims as any failure to provide adequate statements, which Defendant expressly denies occurred, was not knowing and intentional.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Recovery of Waiting Time Penalties)**

19. To the extent Plaintiff seeks to recover waiting time penalties, Plaintiff is not entitled

to recovery of such penalties as any failure to pay wages which Defendant expressly denies occurred, was not willful.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses)**

20. Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by his Complaint for damage or injunction;
2. That Plaintiff's Complaint herein be dismissed in its entirely with prejudice;
3. That judgment be entered against Plaintiff and in favor of Defendant;
4. That Defendant recover its costs of suit herein, including reasonable attorneys' fees; and,
5. That the Court award such other and further relief as it deems appropriate.

Dated: April 25, 2008

**WILSON PETTY KOSMO & TURNER LLP**

By: Meryl C. Maneker

MERYL C. MANEKER
LISA A. HILL
Attorneys for Defendants
CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES AND HOMETEAM PEST DEFENSE LLC

OF COUNSEL:

BAKER BOTTS L.L.P.
DAN HARTSFIELD (TX Bar No. 09170800)
KAREN E. GRIFFIN (TX Bar No. 00796680)
CYNTHIA UDUEBOR (TX Bar No. 24047012)
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

| SAN DIEGO SUPERIOR COURT, STATE OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>MANN v. HOMETEAM PEST DEFENSE, LLC, ET AL. | | CIVIL BUSINESS OFFICE 9<br>CENTRAL DIVISION<br>FILED<br>2008 APR 25 P 1:05<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>MERYL C. MANEKER (188342)<br>MERYL C. MANEKER (188342)<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | TELEPHONE NO.:<br>Tel. (619) 236-9600<br>Fax: (619) 236-9669 | |
| ATTORNEYS FOR:<br>Defendants CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES AND HOMETEAM PEST DEFENSE LLC | HEARING DATE – TIME | CASE NUMBER:<br>37-2008-00078580-CU-OE-CTL |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On April 25, 2008, I served the following documents:

1. **DEFENDANT HOMETEAM PEST DEFENSE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

I served the documents on the person below, as follows:

United Employees Law Group, P.C.
Walter L. Haines, Esq.
Steven D. Waisbren, Esq.
Gregory A. Douglas, Esq.
65 Pine Ave., Ste. 312
Long Beach, CA 90802
Tel: 562-256-1047
Fax: 562-256-1006
***Counsel for Plaintiff Ronald Mann***

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on April 25, 2008, at San Diego, California.

Lori Cutrell

Exhibit D

United Employees Law Group, P.C.

February 4, 2008

HOMETEAM PEST DEFENSE
JESSE QUIROZ
10070 Carroll Canyon Road, Suite 105
San Diego, CA 92131

**RE: 1 - DEMAND FOR UNPAID WAGES AND PENALTIES FOR RONALD MANN**
**2 - OFFER OF SETTLEMENT**
**3 - CONTROLING COSTS OF LITIGATION**

Dear Sir or Madam:

This law firm represents RONALD MANN in a claim for unpaid wages, interest and penalties against HOMETEAM PEST DEFENSE, LLC and CENTEX HOMETEAM SERVICES and Individual(s) JESSE QUIROZ and KEVIN KELLOUGH.

**EARLY RESOLUTION**

We believe it is in everyone's best interest to resolve this matter as quickly as possible in order that a fair resolution can be reached with a minimum of expense.

We are willing to work with your company directly, or if you prefer, we will work with your attorney to reach an early resolution of this wage claim.

Hopefully, the law firm that you may engage will work with us to reach a fair resolution of this matter without unnecessary litigation.

That having been said, we have found all too often, a defendant in litigation may not in fact be well served by their counsel for several reasons. There is unfortunately an economic incentive on the part of counsel to stir the pot with unnecessary over-lawyering. The attorney may attempt to justify such tactics as a way to show us that you're a hard target and, as such, attempt to effect a highly discounted settlement.

This may have some effect if the Plaintiff'(s) law firm is weak and looking for a quick resolution. Unfortunately, this becomes a disastrous strategy when the opposition is in fact, competent and committed. We are in the latter category. Our firm has over 75 years of combined litigation experience, with seasoned trial counsel and we have been engaged in well over 400 wage claims.

The observation above is not offered with the idea or objective of intimidation of you or your counsel.

What I am trying to do is to save you money, by providing you with a perspective that at first may seem counterintuitive, understanding of course that you will be skeptical of this message. Regardless, I will do my


65 Pine Ave. #312, Long Beach, California 90802, Phone: (562) 256-1047, Fax: (562) 256-1006

best to give you, what I believe is valuable information that should benefit both you and our client(s) and not necessarily the legal profession.

**LABOR LAW IS DIFFERENT**

The laws governing claims for wages have been shaped over the last 100 years by strong public policy considerations, which are designed to equalize the playing field between the Employee(s) and his/her Employer(s) due to the significant disparity in economic power.

**How is labor law different?**

**A) The Employer has the Burden of Proof by creating a timely record of all hours worked** - The employer must maintain detailed accurate records of all the hours worked by each employee under Labor Code § 1174. If this is not done, then estimates presented by the employee will be accepted as proof of the hours worked and the burden of proof shifts to the employer to disprove the employees claim. *Anderson v. Mt. Clemens Pottery Co.,* (1945) 328 U.S. 680.

**B) Presumptions are in the employee's favor** - The law presumes that the employee is entitled to be paid overtime and the employer has the burden proving that the employee is exempt under the law *Nordquist v. McGraw-Hill Broadcasting Company* (1995) 32 Cal.App.4th 555, 562.

**C) Employee's right to recover attorney's fees, costs and penalties** - The law provides that an employee is entitled to recover all of his/her costs and attorney fees if he/she prevails on any part of his/her claim Labor Code §1194. In addition, he/she is entitled to recover interest under Labor Code § 1194 & §98.1(c) and penalties Labor Code § 203 & §226. The opposite is true for the employer. The employer is not permitted to recover his/her attorney fees regardless of the outcome.

**OUR COMMITMENT TO AN EARLY & FAIR RESOLUTION**

The truth is we have no incentive or desire to engage in protracted litigation. As a matter of policy, we voluntarily present our client'(s) claim along with all the documentation in our client'(s) possession. We also voluntarily present our client'(s) sworn testimony using official Judicial Counsel forms. All other plaintiffs' law firms wait until they are legally forced to produce this information by the employer's counsel. We voluntarily produce this information to show our good faith and our desire to save everyone as much expense as possible.

In addition, we make our client(s) available to your attorney to question him/her under oath as soon as your counsel wishes to do so. This helps your attorney to evaluate the claim earlier.

It is our policy to do everything possible to reduce the cost of litigation. We do this in the hope that we can inspire others to act in the interest of their client(s), rather than to treat the matter as a billing opportunity.

We hereby include our offer of early settlement in this letter. To make this offer as attractive as possible, as well as serve our client'(s) interest, we have eliminated a substantial portion of our client'(s) claim by completely waiving all penalties. This leaves only the actual loss of wages plus interest and a small claim for our attorney's fees in the amount of $5,000.00 total offer of settlement in the amount of $196,440.34.

We understand that you may figure that this claim is inflated and that a good attorney can substantially reduce your exposure and that is a reasonable response. So to give you adequate time to evaluate your position, we will keep this offer open for two weeks from the date of this letter, after which, it expires. Any future negotiations will take into account our mounting legal costs, which we will seek to recover as permitted by law.

So if you are wondering if this is in fact your best option, I can tell you from experience; that matters such as this can easily escalate, and unfortunately do, when an employer does not have the benefit of critical information.



65 Pine Ave. #312, Long Beach, California 90802, Phone: (562) 256-1047, Fax: (562) 256-1006

If this happens, your financial exposure will be magnified by out-of-control legal fees charged to you by your own law firm. We will be forced to defend at a cost similar to that of your law firm effectively doubling your legal fees.

Unfortunately, there have been a substantial number of lawyers we have encountered, who believed that an aggressive, bury them with work and don't give an inch, approach would produce a good outcome. In fact, it has proven not only counter productive, but was disastrous to the client in the end, costing time, money and stress.

In general, the above approach produces litigation costs in the range of $40,000 to $60,000 at a minimum. When you add to that our own litigation costs of a similar amount, you could easily be facing $80,000 to $120,000 in legal fees, in addition to the cost of the actual claim.

## THE BENEFITS OF EARLY RESOLUTION

A substantial savings will be realized by an early resolution.

**Production of Documents:** It eliminates the company having to produce its financial records, emails, phone records and other evidence.

**Depositions:** Your present and past employees will not be deposed and the company will not lose productivity inclusive of preparation time for the depositions.

**Additional Plaintiffs Created:** A substantial reduction in the risk that other employees, especially those that are deposed, may also have a claim which they then decide to pursue. We believe this represents the **greatest risk** to protracted litigation. In our experience, through interviewing witnesses, we have seen damages to Employer's double, triple or quadruple through the claims of additional plaintiffs.

To minimize your exposure created by this litigation, the settlement agreement, which is attached hereto, provides for strict confidentiality. Our client(s) will not be allowed to disclose the outcome of the case other than that all parties reached a satisfactory resolution to the dispute.

## INFORMATION FOR YOUR ATTORNEY

Assuming that we are unable to reach agreement, then the following is relevant to this litigation.

I am enclosing two letters addressed to your counsel setting forth how we might work together to help avoid the running up of unnecessary legal fees.

Along with this letter and its attachments I am enclosing an advance copy of our customary written discovery requests and a draft copy of the complaint. Although you do not have to respond at this time, this discovery will be served approximately 15 days after the law suit is formally served on the company and all individual defendants. As we expect to expedite this litigation, it is our policy not to grant extensions to respond to discovery except in special circumstances. It is with this in mind that instead of you only having 30 days to respond to discovery, you now have at least one additional month to search for records and answer questions.

We expect to take any necessary depositions shortly after we receive your responses to the attached discovery and will have our client(s) available for his/her deposition as early as possible.

Every attorney is ethically required to present to you all our offers of settlement, but not necessarily the letter in which such offer is made.

It is in your best interest to request a copy of all our written offers which we present to your attorney.



65 Pine Ave. #312, Long Beach, California 90802, Phone: (562) 256-1047, Fax: (562) 256-1006

Our written offers are designed to assist in obtaining an early resolution of this matter and as such we spell out not only the terms of new offers, but also the basis for our position and our experience with your law firm's litigation tactics that we believe are wasteful and counterproductive. Such unmonitored tactics may easily end up costing you twice their fees to you, as well as our fees.

Therefore, the earlier we are able to reach settlement, the least expensive it will be for you. Your legal fees will be less and we are willing to consider more favorable settlement terms only when addressed early in the process. Keep in mind that in many cases, our first offer is most likely going to be our best offer. After that, we must consider the additional costs of prosecuting this case.

To move this matter forward, we hereby request our client'(s) personnel files, payroll records along with the company's employee handbook and records reflecting the company's policies as it pertains to meal breaks, vacation and bonus policies.

Labor Code § 226 requires a company to permit inspection of the payroll records by a current or former employee, or his/her authorized representative no later than 21 days from the date of the request. Furthermore, Labor Code § 1198.5 requires your Company to make available for inspection and copying, all records in our client'(s) personnel files inclusive of documents pertaining to dates of employment, employment applications, disciplinary records, performance reviews and termination records.

Please contact us to arrange for our attorney service to copy our client'(s) payroll records and personnel files. Alternatively, you may send the requested records and charge our office reproduction costs in an amount not to exceed 15 cents per copy.

**OUR CLIENT'S CLAIM**

We understand that our client(s) RONALD MANN was employed from October 1st, 2003 through October 29th, 2007.During this period, our client(s) was required to work overtime, and was not paid as required by law. Our review shows that our client(s) is an non exempt employee who is entitled to be paid time and one half for all hours worked in excess of (8) hours in one day and/or (40) hours in a workweek and double time for all hours worked in excess of (12) hours worked in a day. The amounts underpaid are shown below.

Our client(s) claims he/she did not receive adequate meal and/or rest periods and are therefore entitled to one hour of regular pay per day for each missed meal and/or rest period the amount of which is included in this claim.

There is also a right to recover penalties for failing to provide accurate pay stubs and for payment of all wages at the time an employee ceases his/her employment. These penalties have been calculated and total $81,631.96.

The following is a summary of our client(s) claim.

RONALD MANN:

| Year | Amount Underpaid | Interest | Total Owed |
|---|---|---|---|
| 2004 | $37,966.47 | $13,411.51 | $51,377.98 |
| 2005 | $40,560.96 | $10,414.84 | $50,975.80 |
| 2006 | $42,689.04 | $6,707.16 | $49,396.20 |
| 2007 | $37,246.66 | $2,443.70 | $39,690.36 |
| **Total** | **$158,463.13** | **$32,977.21** | **$191,440.34** |


65 Pine Ave. #312, Long Beach, California 90802, Phone: (562) 256-1047, Fax: (562) 256-1006

Based on the fact that there is a legal claim now pending, you and your company are hereby placed on notice and instructed to preserve all paper and electronic documents concerning the matters alleged herein.

You must not delete or modify any potentially discoverable data, or perform any procedures that may affect the data unless all such data has been copied.

Electronically stored information is an important and an irreplaceable source of discovery and evidence in this matter. The information sought may include, but is not limited to, e-mail and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone and key card logs, contact manager information, internet usage files, and network access information.

Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, you must take every reasonable step to preserve this information until a final resolution of this matter. This includes an obligation to discontinue all data destruction and backup tape recycling policies.

Our firm has a lien on all amounts due under this claim; therefore all payments should be made through our offices or with our consent. Any payment made directly to our client(s) without our consent could expose you to liability.

We await your reply and offer you this opportunity to set forth your understanding of the facts as they relate to the employment of our client(s).

As stated above in this letter we are attempting to keep the cost of legal fees to a minimum and will work with you to accomplish this goal.

I will advance my calendar 14 days from the date of this letter in the expectation of hearing from you or your attorney. I can be reached at (562) 256-1047.

Very truly yours,

STEVEN D. WAISBREN
Attorney at Law

CC: RONALD MANN, CENTEX HOMETEAM SERVICES, KEVIN KELLOUGH

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6151 | |
| PLAINTIFF(S) / PETITIONER(S): Curtis Williams | |
| DEFENDANT(S) / RESPONDENT(S): Hometeam Pest Defense LLC | |
| WILLIAMS VS. HOMETEAM PEST DEFENSE | |
| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00078579-CU-OE-CTL |

Judge: Michael M. Anello Department: C-72

**COMPLAINT/PETITION FILED:** 02/22/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING



04/10/2008 06:08 FAX 858 547 9844 HOMETEAM PEST DEFENSE 020

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | *FOR COURT USE ONLY* |
| PLAINTIFF(S): Curtis Williams | |
| DEFENDANT(S): Hometeam Pest Defense | |
| SHORT TITLE: WILLIAMS VS. HOMETEAM PEST DEFENSE | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER:<br>37-2008-00078579-CU-OE-CTL |

Judge: Michael M. Anello Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration
- ☐ Other (specify): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ______________________

______________________

______________________

Alternate: (mediation & arbitration only) ______________________

Date: ______________________ Date: ______________________

______________________ ______________________

Name of Plaintiff Name of Defendant

______________________ ______________________

Signature Signature

______________________ ______________________

Name of Plaintiff's Attorney Name of Defendant's Attorney

______________________ ______________________

Signature Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 02/22/2008 ______________________
JUDGE OF THE SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00078579-CU-OE-CTL CASE TITLE: Williams vs. Hometeam Pest Defense

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR - i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Steven D. Waisbren, Esq. SBN 116315<br>Walter L. Haines, Esq. SBN 71075<br>65 Pine Ave., #312<br>Long Beach, CA 90802<br>TELEPHONE NO.: 562.256-1047 FAX NO.: 562.256-1006<br>ATTORNEY FOR (Name): Curtis Miller | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego - Central Division<br>STREET ADDRESS: 220 W. Broadway<br>MAILING ADDRESS: P.O. Box 122724, San Diego, CA 92112-2724<br>CITY AND ZIP CODE: San Diego, CA 92101-3409<br>BRANCH NAME: Central Division | |
| CASE NAME:<br>Curtis Williams vs. Hometeam Pest Defense, LLC, Centex Hometeam | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2008-00078579-CU-OE-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/18/2008

Steven D. Waisbren, Esq.

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.





American LegalNet, Inc. www.FormsWorkflow.com

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 150204 - MS**

**April 25, 2008**
**15:58:50**

**Civ Fil Non-Pris**
USAO #.: 08-CV-0755 WQH CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.: $350.00 CK
Check#.: BC10292

**Total-> $350.00**

FROM: RONALD MANN.
VS. HOMETEAM PEST DEFFENSE
CIVIL FILING

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
RONALD MANN

**DEFENDANTS**
HOMETEAM PEST DEFENSE, LLC; CENTEX HOMETEAM SERVICES; JESSE QUIROZ; AND KEVIN KELLOUGH; AND DOES 1 THROUGH 25

FILED
08 APR 25 PM 3:47
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

'08 CV 755 WQH CAB

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DALLAS CO., TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
UNITED EMPLOYEES LAW GROUP, P.C
WALTER L. HAINES/STEVEN D. WAISBREN
65 PINE AVENUE, SUITE 312
LONG BEACH, CA 90802
562-256-1047 FAX: 562-256-1006

ATTORNEYS (IF KNOWN)
WILSON PETTY KOSMO & TURNER LLP
MERYL C. MANEKER/LISA A. HILL
550 WEST C STREET, SUITE 1050
SAN DIEGO, CA 92101
619-236-9600 FAX: 619-236-9669
VIA FAX

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

DIVERSITY (28 U.S.C. § 1441)

## V. NATURE OF SUIT (*PLACE AN "X" IN ONE BOX ONLY*)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [x] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (13958)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. ORIGIN (*PLACE AN "X" IN ONE BOX ONLY*)

- [ ] 1 Original Proceeding
- [x] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions): JUDGE ______ Docket Number ______

DATE 4/25/08  SIGNATURE OF ATTORNEY OF RECORD *Meryl C. Maneker*
MERYL C. MANEKER
WILSON PETTY KOSMO & TURNER LLP

MS 15024 $350 4/25

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)