**UNITED EMPLOYEES LAW GROUP, P.C.**
Walter L. Haines, Esq. SBN 71075
Steven D. Waisbren, Esq. SBN 116315
65 Pine Ave., #312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006

Attorneys for Plaintiff
RONALD MANN

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MANN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HOMETEAM PEST DEFENSE, LLC, a Delaware corporation doing business in California; CENTEX HOMETEAM SERVICES, an unknown business entity; JESSE QUIROZ, an individual; KEVIN KELLOUGH, an individual and DOES 1-25,<br><br>Defendant(s). | Case No. 08-CV-755-WQH-CAB<br>(San Diego County Superior Court Case No. 37-2008-00078580-CU-OE-CTL)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RONALD MANN**<br><br>DATE: June 23rd, 2008<br>TIME: (NO ORAL ARGUMENT UNLESS REQUESTED BY COURT)<br>COURTROOM: 4 |

TO DEFENDANTS HOMETEAM PEST DEFENSE, LLC, CENTEX HOMETEAM SERVICES, JESSE QUIROZ, KEVIN KELLOUGH AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 23rd, 2008, at 11:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 4 of the above-entitled Court located at 940 Front Street, San Diego, California 92101, Plaintiff RONALD MANN (hereinafter

"Plaintiff") will and hereby does move this Court for an order remanding this matter to the state court, pursuant to 28 U.S.C. 1447(c).

This motion is made on the grounds that there is no basis for diversity jurisdiction pursuant to 28 U.S.C. 1441 since Defendants JESSE QUIROZ (sometimes hereinafter "Quiroz") and KEVIN KELLOUGH (sometimes hereinafter "Kellough", and sometimes collectively "individual defendants") are citizens of California. Further, the assertion by Defendants that the inclusion of Quiroz and Kellough is a fraudulent joinder is incorrect, and contrary to state law.

This motion will be based on the Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Ronald Mann, the record and files of this case, and any further oral or documentary evidence that may be introduced at the hearing of this matter.

Dated: May 16, 2008

Respectfully submitted,
UNITED EMPLOYEES LAW GROUP, P.C.



STEVEN D. WAISBREN, ESQ.
Attorneys for Plaintiff
RONALD MANN

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff hereby asserts the following Memorandum of Points and Authorities pursuant to 28 U.S.C. 1447(c) within thirty (30) days of removal to state court of the above-entitled action.

### A. GENERAL OVERVIEW

Plaintiff has filed a wage and hour complaint under California state law alleging causes of action for Failure to Pay Overtime [Lab.C. §§ 510, 1194, 1198], Waiting Time Penalties [Lab.C. §§ 203, 558], Failure to Provide Accurate Itemized Statements [Lab. Code §226], Failure to Provide Meal Periods [Lab.C. §§ 226.7, 512; IWC Wage Orders], Failure to Provide Rest Periods [Lab.C. §§ 226.7 and IWC Wage Orders], Unfair Competition [B&PC § 17200-et.seq.], and Out of State Check Violation [Labor Code, §212].

As part of that complaint, Plaintiff has named four defendants, specifically entity defendants HOMETEAM PEST DEFENSE, LLC ("Hometeam") and CENTEX HOMETEAM SERVICES ("Centex"), and two individual defendants, namely JESSE QUIROZ and KEVIN KELLOUGH (hereinafter collectively "individual defendants"). Defendants Hometeam and Centex have sought to remove this matter to federal court on the basis of diversity jurisdiction. However, although defendants allege that diversity jurisdiction exists pursuant to 28 U.S.C. Section 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."), such is not the case. Defendants Quiroz and Kellough are citizens of California.

Defendants hope to establish diversity not with respect to the individual defendants' citizenship, but by seeking to demonstrate that the individual defendants were fraudulently joined. Their arguments in that regard are incorrect and baseless, as stated infra.

### B. LEGAL ARGUMENT

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar lnc. v. Williams, 482 US. 386,392 (1987).

Pursuant to 28 U.S.C. § 1332, federal district courts are given original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000.

The provision "between . . . citizens of different States" requires complete diversity between all plaintiffs and all defendants. Lincoln Property Co. v. Roche, 546 US. 81, 82 (2005).

**1. Fraudulent Joinder**

Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence will be ignored for purposes of determining diversity, "[ilf the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987). "[T]he question is simply whether there is **any possibility** that plaintiff will be able to establish liability against the party in question."[Emphasis added.] Briano v. Conseco Life Ins. Co., 126 F. Supp. 2d 1293,1296 (C.D. Cal. 2000); see also Cont'l Ins. Co. v. Foss Mar. Co., No. C 02-3936, 2002 WL 31414315, at 6 (N.D. Cal. Oct. 23, 2002) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so."). Just as the removing party has the burden of establishing federal jurisdiction, it has the burden of establishing fraudulent joinder. Briano, 126 F. Supp. 2d at 1296.

Because the individual defendants, like Plaintiff, are California citizens, their presence in the lawsuit at the time of removal defeats diversity jurisdiction unless they were fraudulently joined. Defendants argue that it is well-settled under California law that Plaintiff's Complaint only states viable claims against Defendants Hometeam and Centex, the entity defendants, but not against Defendants Quiroz and Kellough, the individual defendants.

At the very least, there is a "possibility" that Plaintiff may be able to establish liability against Defendants Quiroz and Kellough under (1) Labor Code section 558 for failure to pay overtime, and (2) Business and Professions Code section 17200 for unfair

competition. These two claims are not clearly settled under California law on the issue of corporate officer liability.

Defendants rely on Reynolds v. Bement, 11 6 P.3d 1162 (Cal. 2005), and Jones v. Gregory, 40 Cal. Rptr. 3d 581 (Ct. App. 2006), for the proposition that corporate officers acting within the scope of their employment cannot be held personally liable under the Labor Code for failure to pay wages, or for penalties based on wage claims. However, Defendants conveniently overlook the fact that these cases, unlike the instant case, **involve claims arising prior to 2000**. Labor Code section 558(a), effective January 1, 2000, imposes liability for unpaid wages on an employer "**or other person** acting on behalf of an employer." Both Reynolds and Jones raise the possibility that this section would allow for the imposition of liability on a corporate officer.

The Reynolds court describes its holding as "narrow" and states that, while an employee may not seek recovery under section 1194 of the Labor Code against a corporate officer for unpaid wages, **an employee might be able to bring such an action under section 558 of the Labor Code.** Reynolds, 116 P.3d at 1170-71. According to the Jones court:

> "As Justice Moreno observed in Reynolds, section 2699 [the Labor Code Private Attorneys General Act of 2004, "in time, may provide workers with a mechanism for recovering unpaid overtime wages through private enforcement of section 558, which authorizes civil penalties for violations of the wage laws that include unpaid wages from 'any employer or other person acting on behalf of an employer,' a phrase conceivably broad enough to include corporate officers and agents in some cases." Jones, 40 Cal. Rptr. 3d at 590 (quoting Reynolds, 116 P.3d at 1174 (Moreno, J., concurring)).

Based on these holdings, it cannot be said that it is "obvious according to the settled rules of the state" that Plaintiff has failed to state a cause of action against Defendants Quiroz and Kellough under section 558 of the Labor Code. There is a **possibility** that Plaintiff may prevail on his claim.

The same conclusion can be reached as to Plaintiff's Business and Professions Code claim. Under section 17203 of the Business and Professions Code, an employee may obtain the equitable remedy of restitution to recover payment of unlawfully withheld wages. Cortez v. Purolator Air Filtration Prods. Co., 999 P.2d 706, 712 (Cal. 2000). As with Labor Code section 558, the question of whether a corporate officer may be held liable under this section remains unsettled. See Jones, 40 Cal. Rptr. at 588 n.8 (raising the possibility of a section 17203 suit against an individual corporate officer without addressing the merits of such a suit). Defendants have introduced no evidence to the contrary.

**2. Individual Defendants As Plaintiff's Employer**

Defendants further assert that Defendants Quiroz and Kellough cannot be named as individual defendants since they are not the Plaintiff's employer. However, Labor Code Section 558(a) utilizes a broad definition of "employer" for the purposes of wage and hour claims. In particular, the statute applies to any employer or "**other person acting on behalf of an employer** who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work. . ." [Emphasis added.]

California law also provides additional sufficient bases upon which to establish the liability of Defendants Quiroz and Kellough, and, at the very least, a possibility of such liability.

A review of the relevant statutory provisions and case law reveals that the California Legislature, IWC and the courts have unambiguously established individual liability for corporate agents to secure wages for the working people of California and in furtherance of public policy. **The corporate fiction, which in many realms shields individual decision makers and agents from liability, does not create immunity for management and corporate officers with regard to wage and hour violations.**

The provisions of the Labor Code which establish individual liability are, among others, sections 18, 1197.1 and 1199. These sections provide as follows:

**Labor Code §18 states:**

"Person" means any **person**, association, organization, partnership, business trust, limited liability company or corporation."

**<u>Labor Code</u> §1197.1 states:**

"(a) any employer **or other person acting either individually or as an officer, agent, or employee of another person,** who pays or causes to be paid to any employee a wage less that the minimum fixed by an order of the commission shall be subject to a civil penalty. . .”

**<u>Labor Code</u> §1199 states:**

"Every employer **or other person acting either individually or as an officer, agent, or employee of another person** is guilty of a misdemeanor and is punishable by a fine of not less that one hundred dollars ($100) or by imprisonment for not less than 30 days, or both, who does any of the following:

(a) requires or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.

(b) Pays or causes to be paid to any employee a wage less that the minimum fixed by an order of the commission.

(c) Violates or refuses, or neglects to comply with any provision of this chapter of any order or ruling of the commission.

In addition to the above <u>Labor Code</u> sections, provisions of the California IWC Wage Orders clearly intend to establish liability for individual defendants. The Wage Orders at section 2(H) provide the following definition:

**California IWC Orders Section 2(H) -**

"Employer" means **any person as defined in Section 18 of the <u>Labor Code</u>**, who directly or indirectly, or through an agent or any other person, employs or **exercises control over the wages, hours, or working conditions of any person."** [Emphasis added.]

Based on the foregoing, it is clearly the intention of the state legislature to include individual defendants within the definition of “employer” for liability purposes. Defendants Quiroz and Kellough are included within that definition, based on the plaintiff’s declaration attached hereto.

Moreover, the FLSA's broad definition of employer has been interpreted to allow for a finding of more than one "employer" simultaneously being liable for FLSA obligations. <u>Dole v. Elliot Travel & Tours, Inc.</u>, 942 F.2nd 962, 965 (6th Cir. 1991); <u>Fegley v. Higgins</u>, 19 F.3d 1126 (6th Cir. 1994), cert. denied, 513 U.S. 875. In Fegley, the Court reversed this

trial court's dismissal of an individual defendant who had ownership and significant managerial duties in the business, holding that the individual should be held jointly liable with the corporation for all damages.

While the individual held liable in Fegley had an ownership interest, an individual does not necessarily have to be in an ownership position or control day to day operations to be deemed an "employer." Reich v. Circle C Investments, Inc., 998 F.2d 324,329 (5th cir. 1993). In Reich, the individual held liable was a "consultant" who had participated in managerial responsibilities at the corporation. Id.

In the Dole case, the Court states:

"The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FSLA for unpaid wages."

In this case, Defendants Quiroz and Kellough had operational control over the Plaintiffs' wages, hours and working conditions, as well as full control of every aspect of the particular branch office at which Plaintiff worked, as stated in the Declaration of Ronald Mann attached hereto. As such, Plaintiff can show at least a possibility of establishing that Defendants Quiroz and Kellough were Plaintiff's "employer" under the aforementioned authorities. Therefore, the Plaintiff's Motion to Remand should be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

**C. CONCLUSION**

Because Defendants have failed to meet the high burden of showing fraudulent joinder, Plaintiff respectfully requests this Court to reject the Defendants' assertion of diversity jurisdiction, and to remand this action back to the state court.

DATED: May 16, 2008

Respectfully submitted,
UNITED EMPLOYEES LAW GROUP, PC

STEVEN D. WAISBREN, ESQ.
Attorneys for Plaintiff
RONALD MANN

## DECLARATION OF RONALD MANN

I, Ronald Mann, hereby declare:

1. I am the Plaintiff in the above-entitled action, and I make this declaration in support of Plaintiff's Motion To Remand to state court. I have personal knowledge of the matters set forth in this declaration. If called as a witness with regard thereto, I could, and would competently testify as follows:

2. During my employment with Defendants, the branch managers of my particular branch were Jesse Quiroz and Kevin Kellough. Both of these individuals were my direct supervisor, and I reported to each of them during their respective tenures as branch managers.

3. Both Mr. Quiroz and Mr. Kellough were not only in direct control of my wages, hours, and working conditions, but they were also in complete and total control of every aspect of the particular branch office at which I was employed, including, but not limited to, bookkeeping, payroll, costs, and hiring and firing. They were also directly responsible for applying the California labor laws to my employment, and to the employment of others at my branch.

4. It is my understanding that Mr. Quiroz and Mr. Kellough currently reside in California, and further resided in California during my employment with Defendants.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 21st day of May, 2008 at Long Beach, California.

Ronald Mann
Declarant