BAKER BOTTS, LLP
DAN HARTSFIELD (Admitted pro hac vice)
KAREN E. GRIFFIN (Admitted pro hac vice)
CYNTHIA UDUEBOR(Admitted pro hac vice)
2001 Ross Avenue
Suite 1000
Dallas, TX 75201
Telephone: (214) 953-6500
Facsimile: (214)9 53-6501
E-mail: dan.hartsfield@bakerbotts.com
E-mail: karen.griffin@bakerbotts.com
E-mail: cynthia.uduebor@bakerbotts.com

WILSON PETTY KOSMO & TURNER LLP
MERYL C. MANEKER (188342 )
LISA A. HILL (223995)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
**E-mail:** mmaneker@wpkt.com
**E-mail:** lhill@@wpkt.com

Attorneys for Defendants
CENTEX HOME SERVICES COMPANY LLC
DBA CENTEX HOMETEAM SERVICES AND
HOMETEAM PEST DEFENSE LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RONALD MANN, AN INDIVIDUAL,

Plaintiff,

v.

HOMETEAM PEST DEFENSE, LLC, A DELAWARE LLC DOING BUSINESS IN CALIFORNIA; CENTEX HOMETEAM SERVICES, AN UNKNOWN BUSINESS ENTITY; JESSE QUIROZ; AND KEVIN KELLOUGH, INDIVUALS; AND DOES 1 THROUGH 25,

Defendants.

Case No. 08-CV-755-WQH-CAB

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Complaint Filed: February 22, 2008

Date: June 23, 2008
Time: (NO ORAL ARGUMENT UNLESS REQUESTED BY COURT)
Courtroom: 4

# TABLE OF CONTENTS


I. STATEMENT OF ISSUE AND STANDARD OF REVIEW .....1

II. FACTUAL BACKGROUND .....1

III. ARGUMENT AND AUTHORITIES .....3

A. Remand Would Be Improper In This Case: Plaintiff States No Causes of Action Under Section 558 or the Unfair Competition Law .....3

1. Section 558 .....4

a. There is no private right of action under Section 558 .....4

b. There is no private right of action under the Private Attorney General Act of 2004 for section 558 violations. .....5

2. Unfair Competition Law .....6

a. Well-settled law confirms no personal liability for the predicate Labor Code violations alleged .....6

b. The law is well-settled that there can be no restitution awarded against these individual defendants. .....8

B. Plaintiff Makes No Claims Under Labor Code Sections 18, 1197.1 or 1199 .....9

C. Plaintiff Makes No Claims Under the Fair Labor Standards Act. .....10

IV. CONCLUSION AND PRAYER .....11

# TABLE OF AUTHORITIES

**Federal Cases**

Davis v. Prentiss Properties Ltd., Inc.
66 F.Supp.2d 1112 (C.D.Cal.1999) ........................................ 1

McCabe v. General Foods Corp.
811 F.2d 1336 (9th Cir. 1986) ........................................ 1

Takeda v. Northwestern Nat. Life Ins. Co.
765 F.2d 815 (9th Cir. 1985) ........................................ 1

**State Cases**

Bradstreet v. Wong
161 Cal.App.4th 1440 (2008) ........................................ 8, 9

Jones v. Gregory
137 Cal.App.4th 798 (2006) ........................................ passim

Korea Supply Co. v. Lockheed Martin Corp.
29 Cal.4th 1134 (2003) ........................................ 8

Krantz v. BT Visual Images, LLC
89 Cal.App.4th 164 (2001) ........................................ 8

Madrid v. Perot Systems Corp.
130 Cal.App.4th 440 (2005) ........................................ 9

Oppenheimer v. Moebius
151 Cal.App.2d 818 (1957) ........................................ 7

Oppenheimer v. Robinson
150 Cal.App.2d 420 (1957) ........................................ 7

Reynolds v. Bement
36 Cal.4th 1075 (2005) ........................................ passim

Ruiz v. The Paladin Group, Inc.
2003 WL 22992077 (C.D. Cal. 2003) ........................................ 4, 5

Vikco Ins. Services, Inc. v. Ohio Indemnity Co.
70 Cal.App.4th 55 (1999) ........................................ 4

**Federal Statutes**

Federal Rules of Civil Procedure rule 11 ........................................ 1

**State Statutes**

Business & Professions Codes section 17200 ........................................ 3, 6, 8

Labor Code section 1194 ........................................ 6, 7, 8

Labor Code section 1197 ........................................ 9

Labor Code section 1198 ........................................ 8

Labor Code section 1199 .......... 9, 10
Labor Code section 18 .......... 9
Labor Code section 203 .......... 4, 8
Labor Code section 226 .......... 6, 8
Labor Code section 2698 .......... 5
Labor Code section 2699 .......... 5
Labor Code section 510 .......... 6, 7, 8
Labor Code section 512 .......... 6, 8
Labor Code section 558 .......... passim

Plaintiff has attempted to destroy the Defendants' removal rights by asserting legally untenable claims against branch managers Jesse Quiroz and Kevin Kellough, in-state defendants. Because there is no possibility of recovery against either individual Defendant, remand is not proper.

**I.**

**STATEMENT OF ISSUE AND STANDARD OF REVIEW**

The issue before the Court on Plaintiffs' Motion is whether Plaintiffs have fraudulently joined branch managers Quiroz and Kellough as defendants in this action. Fraudulent joinder is a term of art and does not require a finding of fraudulent intent. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1986). "Rather than focusing on the 'mental state' of the plaintiff, the fraudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant." Davis v. Prentiss Properties Ltd., Inc., 66 F.Supp.2d 1112 (C.D.Cal.1999). In so doing, the Court must decide whether Plaintiff has a possibility of recovering against the individual defendants under state law. McCabe, 811 F.2d at 1339. Here, Plaintiff cites to no case that would hold individual branch managers personally liable under the causes of action he alleges. Instead, he argues that there is a "possibility" liability may be extended to corporate officers in the future.[1] In these circumstances, courts have been guided by the Rule 11 standard set forth in the Federal Rules of Civil Procedure and have remanded only where a claim is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Davis, 66 F.Supp.2d at 1116. The denial of a motion to remand is reviewed by the Court of Appeal *de novo*. See Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985).

**II.**

**FACTUAL BACKGROUND**

Defendant Centex Home Services Company LLC d/b/a Centex HomeTeam Services (CHTS) is the parent of two subsidiaries here, HomeTeam Pest Defense, Inc., an entity not a party to this action, and HomeTeam Pest Defense, LLC. (Declaration of Robert Wanzer ("Wanzer") ¶ 2) CHTS

[1] Neither Quiroz or Kellough are corporate officers and so the possibility of extending liability in the future to corporate officers has no bearing on the claims made against the individual defendants here.

was established in 1996 with headquarters in Dallas, Texas and operations in multiple branch locations.

Plaintiff Ronald Mann was hired by HomeTeam Pest Defense, Inc. to work as a pest control technician in its San Diego operation on February 16, 2005. (Wanzer ¶ 3) He was employed until he resigned on October 29, 2007. (Wanzer ¶ 3) Individual defendant Jesse Quiroz was Mann's immediate Branch Manager at the time of his hire, and individual defendant Kevin Kellough was Mann's immediate Branch Manager at the time of his resignation. (Wanzer ¶ 4)

Both Quiroz and Kellough reported to a regional manager who, in turn, reported to the president of HomeTeam until August 2007 when an additional layer of management was added between the regional manager and the president. (Wanzer ¶ 9)

In his Complaint, Mann does not sue his corporate employer, HomeTeam Pest Defense, Inc. Instead, Mann sues a parent company, an uninvolved sister company, and two branch managers, Quiroz and Kellough, who are employees of HomeTeam Pest Defense, Inc. Mann alleges <u>on information and belief</u> a variety of boiler-plate allegations that Quiroz and Kellough were top-level executives or owners of the corporate defendants. Specifically, the Complaint alleges that Quiroz and Kellough:

- "owned, controlled, or managed the business" for which Mann worked (i.e. HomeTeam Pest Defense, Inc.) (Complaint at ¶ 5)
- "held ownership, officer, director and/or executive positions" in the HomeTeam corporate defendants; (Complaint at ¶ 9)
- are each a "successor, assign, joint venturer, co-venturer, idemnitor, guarantor, partner, or third party beneficiary" of the corporate defendants (Complaint at ¶ 12)
- are "the alter ego" of the corporate defendants such that "any individuality and separateness between" the individual and corporate defendants "has ceased;" (Complaint at ¶¶ 15-17);
- failed to pay overtime compensation to Mann (Complaint ¶¶ 5-6);
- failed to provide itemized wage statements to Mann (Complaint ¶¶ 5-6); and
- failed to provide meal periods or rest breaks to Mann (Complaint ¶¶ 5-6).

As reflected in the sworn statement of HomeTeam President Robert Wanzer, none of these allegations are true. Kellough and Quiroz:

- were never owners of the corporate defendants; (Wanzer at ¶ 6)
- were never officers, directors, or held executive positions in the HomeTeam corporate defendants; (Wanzer at ¶ 5)
- were employed as branch managers of the corporate defendants and were not successors, assigns, joint venturers, co-venturers, idemnitors, guarantors, partners, or third party beneficiaries of the corporate defendants (Wanzer at ¶ 8)
- are not alter egos of the corporate defendants; (Wanzer at ¶¶ 2-13).
- were not responsible for classifying Mann as an exempt employee; (Wanzer ¶10);
- were not responsible for the content of Mann's wage statements; (Wanzer ¶ 12); and
- were not responsible for setting the corporate policy on meal periods or rest breaks (Wanzer ¶11 ).

Mann's conclusory declaration filed with his Motion for Remand regarding the alleged responsibilities of Kellough or Quiroz does not rebut Mr. Wanzer's testimony. Mann fails to explain how he had personal knowledge of and became privy to the delegation of operational responsibilities within the corporate defendants to the branch managers at issue.

## III.

## ARGUMENT AND AUTHORITIES

### A. Remand Would Be Improper In This Case: Plaintiff States No Causes of Action Under Section 558 or the Unfair Competition Law

In his Motion for Remand, Plaintiff argues that although no California court has recognized a cause of action imposing personal liability on managerial employees for Labor Code violations allegedly committed by their employer, two causes of action might possibly be applied to the corporate officers of employers in the future: violations of Section 558 of the Labor Code and unfair competition in violation of California Business & Professions Code section 17200.

**1. Section 558**

**a. There is no private right of action under Section 558**

As part of the first, second, and seventh causes of action, Plaintiff refers to Labor Code section 558. (Complaint ¶¶ 37, 78.) Section 558 subjects an employer who violates an Industrial Welfare Commission order regulating hours and days of work to civil penalties of $50 for each underpaid employee per pay period for which the employee was underpaid for any violation, and $100 for each underpaid employee for each pay period for which the employee was underpaid for subsequent violations. (Lab. Code § 558(a).) In Ruiz v. The Paladin Group, Inc., 2003 WL 22992077 (C.D. Cal. 2003), the court held that there is no private right of action for a violation of section 558 such that individual plaintiffs are allowed to sue under that statute.

The Court noted that there are several reasons for reaching that conclusion. First, the Legislature did not clearly and unmistakably give employees the right to sue, rather the language of the statute suggests that it is enforceable only by the Labor Commissioner. (Id. at *2.) When the Legislature intends to create a private right of action, it does so directly in clear, understandable and unmistakable terms. (Vikco Ins. Services, Inc. v. Ohio Indemnity Co., 70 Cal.App.4th 55, 62 (1999).) The Court noted that "the structure of the statute also suggests that it is enforceable only by the Labor Commissioner. Part (a) provides remedies for a violation of certain wage and hour provisions, while part (b) sets forth the procedure for enforcement of the section through the Labor Commissioner." (Id.) In addition, the legislative history for section 558 specifies that the Labor Commissioner should issue citations for violations; it states nothing about enforcement of the statute by a private party, which suggests that no such right was contemplated by the Legislature. (Id.) Finally, Labor Code section 203 which authorizes waiting time penalties specifically provides for a right to bring a suit to recover penalties, while the enforcement provisions specified in section 558 is through the Labor Commissioner. (Id. at *3.) Based upon these arguments, the Ruiz court dismissed plaintiff's cause of action for civil penalties under section 558.

**b. There is no private right of action under the Private Attorney General Act of 2004 for section 558 violations.**

The Ruiz holding was reinforced by the Legislature in 2004 when it created a private right of action to enforce certain provisions of the Labor Code, but not others. With the goal of improving enforcement of Labor Code obligations, the Legislature adopted the Labor Code Private Attorneys General Act of 2004 (Lab. Code §§ 2698 et seq.), permitting an aggrieved employee to initiate a private civil action to recover civil penalties if the Labor and Workforce Development Agency does not do so. The Legislature clearly and unambiguously stated that the provisions of the Act shall apply to alleged violations of the specified Labor Code provisions enumerated in section 2699.3. The Legislature made it clear that not all Labor Code provisions are subject to a private right of action. Notably, Labor Code section 558 is not one of the enumerated provisions that were included in section 2699.3. Thus, clearly the Legislature did not create a private right of action.

Justice Moreno observed in the concurring decision in Reynolds v. Bement, 36 Cal.4th 1075, 1094 (2005), that California law does not currently recognize private enforcement of Labor Code section 558. The Reynolds court dealt with the issue of whether personal liability should be imposed on officers, directors and shareholders of a corporation for the unpaid balance of overtime compensation. The Court found no support for individual liability under the current law. Justice Moreno noted that, in the future, the Legislature may decide to provide employees with a mechanism for recovering unpaid overtime wages through private enforcement of section 558. (Id.; see also Jones v. Gregory, 137 Cal.App.4th 798, 809 fn 11 (2006).)

Mann has not yet alleged a cause of action for violations of Section 558 under the Private Attorney General Act and cannot demand remand based on an claim not yet alleged in his Complaint. In Paragraph 35 of the Complaint, he tells the Court that he intends to make a claim in the future, but the substance of his causes of action do not set forth a complaint under the Private Attorney General Act.

Moreover, even if Mann does amend to include a claim under the Private Attorney General Act, such a claim will not include violations of Section 558. Under the current provisions of the Private Attorney General Act, there is no private right of action for violations of section 558. Had

the Legislature intended to include section 558 in the enumerated provisions enforceable by a private cause of action, it would have clearly manifested that intent. Because there is no private right of action under the current law or make a claim that the Private Attorney General Act could be applied to Section 558, Plaintiff can state no claim for penalties under Labor Code section 558 and remand is improper.

Moreover, Plaintiff acknowledges that under Reynolds and Jones, even if the Legislature someday adopts such an approach, the language of the Private Attorney General Act, raises only the possibility that "would allow for the imposition of liability on a corporate officer." See Motion for Remand at p. 5. Quiroz and Kellough were never corporate officers. (Wanzer ¶ 5) Thus, not even Mann's conclusory declaration states otherwise. Under Plaintiff's own analysis, remand is therefore improper based on violations of Section 558.

**2. Unfair Competition Law**

Plaintiff's sixth cause of action for unfair competition alleges that the unfair business practices for which the individual defendants should be personally liable consist of:

> "Defendants, and each of them, regularly and routinely violated the following statutes and regulations with respect to Plaintiff herein,: Labor Code §§ 510 and 1194, and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to pay overtime pay); Labor Code § 226 (failing to provide accurate wage statements to employees at the time of payment);and/or Labor Code §§ 226.7 and 512, and all IWC Wage Orders applicable to Plaintiff's industry and occupation (failure to provide rest and meal periods)." (Complaint ¶69)

**a. Well-settled law confirms no personal liability for the predicate Labor Code violations alleged.**

Based on Plaintiff's Complaint, the only basis alleged for liability under Business & Professions Codes section 17200 is that the individual defendants are alleged to have violated various Labor Code provisions. However, well-settled law confirms that no personal liability lies against corporate officers or agents (much less lower level supervisory employees) for these Labor Code violations.

Reynolds v. Bement, 36 Cal.4th 1075 (2005), is the seminal case on individual liability for unpaid wages under California law. In Reynolds, a former employee of an automobile painting

business filed a lawsuit against his employer alleging he and other similarly situated current and former employees were improperly denied overtime compensation. Reynolds sued not only the business entities which employed him, but also several individuals including officers, directors and shareholders of these entities, alleging claims for failure to pay overtime compensation in violation of Labor Code sections 510, 1194 and applicable wage orders. The trial court sustained a demurrer by the individual defendants concluding that no individual liability lied for unpaid wages, and the court of appeal affirmed.

Upholding the lower courts' decision, the California Supreme Court held that the individual defendants were not Plaintiffs' employers, and thus, could not be held liable for unpaid wages. As the California Supreme Court noted, there are multiple avenues that employees may pursue to recover unpaid wages. Id. at 1087-89. Seeking to impose civil liability against individual corporate agents is not one of them. "A simple failure to comply with overtime requirements, such as plaintiff alleges here, does not qualify" as tortious conduct for purposes of individual liability. Id. at 1090. Similarly, no basis for tort liability against individual corporate agents exists because they are not "personally bound by the duty violated by the wrongdoing," but are simply acting as agents for the party who allegedly has that duty. Id.

The California Supreme Court also held that actions for unpaid wages against individual corporate agents should not be allowed to go forward where there is no allegation that the individual defendants misappropriated funds to themselves, as individuals for their individual advantage, as opposed to engaging in alleged wrongdoing stemming from the individuals' status as agents on behalf of the corporation. Id. (citing Oppenheimer v. Robinson, 150 Cal.App.2d 420, 424 (1957) [employee not personally liable for nonpayment of wages to fellow employee]; Oppenheimer v. Moebius, 151 Cal.App.2d 818, 820 (1957) [same, where no allegation that defendant employees "had any duty to plaintiff to pay his wages or that they were guilty of any wrong"].

Following Reynolds, the Court of Appeal recently held in Jones v. Gregory, 137 Cal.App.4th 798, 804 (2006) that no personal liability lies against corporate officers or agents for unpaid wages because they do not fall within the Labor Code's definition of employer. Thus, even a Chief Executive Officer cannot be held individually liable for unpaid wages. Id.; see also Bradstreet v.

Wong, 161 Cal.App.4th 1440 (2008) [individual shareholders, officers and managing agents of employer not personally liable for Labor Code violations]. It follows, of course, that a mere supervisor in Mr. Quiroz's or Mr. Kellough's position, with vastly less responsibility for a corporation's wage and hour practices than its CEO, should not be held personally liable for violations of these Labor Code provisions.

Like Reynolds and Jones, Plaintiff here alleges claims for unpaid wages against the individual defendants. Plaintiff alleges that the individual defendants, in their capacity as supervising managers for Defendants, violated various Labor Code provisions (i.e., §§ 203, 226, 226.7, 510, 512, 1194, and 1198) by misclassifying Plaintiff as exempt from overtime compensation, denying meal and rest periods, failing to provide them with accurate wage statements, issuing out-of-state checks, and failing to pay waiting time penalties. All of these claims fail to state a claim as a matter of law for the simple reason that the law forbids holding individual supervisors personally liable for such claims.

Where the predicate claim underlying a section 17200 action fails to state a claim, the section 17200 cause of action must fail to state a claim as well. (See, e.g., Krantz v. BT Visual Images, LLC, 89 Cal.App.4th 164, 178 (2001).) Individual supervisors cannot be liable for Labor Code violations since in reality they are not the employer. Thus, Plaintiff's sixth cause of action against the individual Defendants do not support remand.

**b. The law is well-settled that there can be no restitution awarded against these individual defendants.**

Moreover, there is no possibility of Plaintiff recovering from the individual Defendants under his UCL claim. Under the UCL, prevailing plaintiffs are generally limited to injunctive relief and restitution. (Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1144, 63 P.3d 937 (2003).) An order for restitution is one "compelling a UCL defendant to return money [or earned wages for service performed] obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." (Korea Supply, 29 Cal.4th at p. 1149.) The problem with requiring the individual defendants, rather than the corporate employer, to pay unpaid

wages as restitution is that the labor Mann performed was not for defendants personally, but for the employer, Home Team Pest Defense, Inc.

Specifically, the services that Mann provided were for the corporation's benefit, not the personal benefit of Quiroz or Kellough. (Wanzer ¶ 8). Quiroz and Kellough have never mixed their personal assets with corporate assets or misappropriated corporate funds for personal use. (Wanzer ¶ 7) Thus, the individual defendants did not personally obtain the benefit of those services, and the duty to pay wages was owed by the corporations as employers, not by defendants as owners, officers or managers. (See Reynolds, 36 Cal.4th at p. 1087.)

The individual defendants cannot be required to return or restore to Mann something they never obtained. (See Madrid v. Perot Systems Corp., 130 Cal.App.4th 440 (2005) (noting absence of authority for proposition that "a UCL plaintiff may recover money from a defendant who never received it ...").) "Not having acquired or directly and personally benefited from [Mann's] labor without paying for it, or having misappropriated for their personal use corporate funds that could have been used to pay [Mann's] wages, defendants [Quiroz and Kellough] could not be required to pay the unpaid wages as restitution." (Bradstreet, 161 Cal.App.4th at 1461.)

Mann cannot state a claim against defendants under Section 558 or the UCL so that there are no viable causes of action against the individual defendants. As a result, they are fraudulently joined for purposes of diversity jurisdiction, and remand is improper.

**B. Plaintiff Makes No Claims Under Labor Code Sections 18, 1197.1 or 1199.**

Plaintiff claims that three Labor Code provisions, Section 18, 1197.1, and 1199, evidence a legislative intent to impose personal liability against individual defendants for wage and hour violations. These Labor Code sections do not support remand because Plaintiff makes no claims against these particular individual defendants under any of the cited statutes.

First, Section 18 of the Labor Code merely defines "person" and is not, in itself, the basis for a cause of action.

Second, Labor Code 1197.1 specifies a penalty for failure to pay a minimum wage. Plaintiff makes no allegation against the individual defendants that he was not paid a minimum wage. To the

contrary, Plaintiff's Complaint confirms that he was paid in excess of $18 per hour, which is more than twice the minimum wage.

Third, Section 1199 imposes misdemeanor criminal liability. Plaintiff cannot and does not bring any criminal claim in this action.

Thus, none of these three statutes are relevant to any claims alleged by Plaintiff and do not compel remand.[2]

**C. Plaintiff Makes No Claims Under the Fair Labor Standards Act.**

Finally, the Plaintiff also invites the Court to look to the definition of "employer" under the Fair Labor Standards Act in support of his motion to remand and suggests that personal liability may be proper under the FLSA. Yet, in his Complaint, Plaintiff makes no claims under the FLSA that would make such an inquiry relevant.

If Plaintiff wishes to amend his Complaint and make allegations under the FLSA, he will confer federal question jurisdiction on this Court in addition to the diversity jurisdiction that currently exists. However, unless and until he makes such an amendment, the Reynolds definitions of "employer" onto the California Labor Code. (Reynolds, 36 Cal.4th at 1088-89.)

---

[2] Although Plaintiff references the IWC definition of employer on page 7 of his Motion, in both Reynolds and Jones, the California Supreme Court rejected this definition as a basis for finding personal liability under the Labor Code provisions alleged by Plaintiff in Causes of Action 1-8.

## IV.

## CONCLUSION AND PRAYER

For all of the foregoing reasons, the Defendants respectfully request that the Court deny Plaintiffs' Motion to Remand.

Dated: June 9, 2008

**WILSON PETTY KOSMO & TURNER LLP**

By: /s/ Meryl C. Maneker
MERYL C. MANEKER
LISA A. HILL
Attorneys for Defendants
CENTEX HOME SERVICES COMPANY LLC DBA CENTEX HOMETEAM SERVICES AND HOMETEAM PEST DEFENSE LLC C